60 Cal.Rptr.3d 554 (2007)
151 Cal.App.4th 1022
The PEOPLE, Plaintiff and Respondent,
v.
$20,110 UNITED STATES CURRENCY, Defendant;
Ricky C. Hill, Defendant and Appellant.
No. B191821.
Court of Appeal of California, Second District, Division Six.
June 4, 2007.
As Modified June 28, 2007.
*555 William G. Panzer, Oakland, for Defendant and Appellant.
Gerald T. Shea, District Attorney, Curtis A. Rankin, Deputy District Attorney, County of San Luis Obispo, for Plaintiff and Respondent.
GILBERT, P.J.
Health and Safety Code section 11488.4 is a civil forfeiture statute.[1] It allows authorities to seize assets related to criminal activities.
Inexplicably, the statute's requirements differ radically depending upon whether the value or sum seized is more or less than $25,000. Our opinion sheds no light on the reason for this distinction. The opinion will, we hope, explain why the forfeiture of $20,110 was not proper here.
Ricky C. Hill appeals a judgment of forfeiture of $20,110 currency found during execution of a search warrant in his residence. We reverse and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY
On August 18, 2005, Hill filed a claim asserting an interest in $20,110 currency that was seized during a law enforcement search of his residence. On August 29, 2005, the district attorney filed a petition instituting a civil action for forfeiture of the currency pursuant to section 11488.4.
Pending the hearing, Hill filed a substitution of attorney form stating that his former attorney no longer represented him, and that he was representing himself.
The trial court held a hearing upon the matter on March 8 and 20, 2006. Neither *556 Hill nor an attorney on his behalf appeared on March 8. Hill and an attorney on his behalf did appear on March 20.
In its Notice of Ruling, the trial court stated that the matter was submitted, and that "by stipulation of the parties, argument was waived and the transcript of the preliminary hearing of February 16, 2006, was admitted into evidence." The court then stated that it had reviewed the preliminary hearing transcript and concluded that the currency was "traceable to an exchange for a controlled substance." The court relied upon the presence of 19 pounds of marijuana, in separate bags and containers, throughout Hill's residence and garage, and the presence of the currency in a room where marijuana was found.
Hill appeals and contends that the forfeiture judgment denies him due process of law because: 1) section 11488.4, subdivision (i)(5), requires that the forfeiture proceedings be tried with the related criminal proceedings; 2) the record does not contain evidence of a stipulation for the court to consider the matter upon the transcript of the preliminary examination; 3) section 11488.4, subdivision (i)(3), requires a conviction in the underlying criminal offense before a judgment of forfeiture; and 4) the trial court applied an incorrect standard of proof.
The District Attorney responds that Hill has not provided an adequate appellate record to establish error. He points out that Hill might have obtained a settled statement pursuant to rule 7 (now rule 8.137) of the California Rules of Court. The district attorney adds that Hill designated the reporter's transcript 48 days past the rule 4 (now rule 8.130) deadline.

DISCUSSION
We presume the judgment of the trial court is correct. (Denham v. Superior Court (1970) 2 Cal.3d 557, 564, 86 Cal. Rptr. 65, 468 P.2d 193.) "`A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.'" (Gee v. American Realty & Construction, Inc. (2002) 99 Cal.App.4th 1412, 1416, 122 Cal. Rptr.2d 167.) The appellant bears the burden of establishing error. (Ibid.)
The District Attorney generally is correct in asserting that the appellate record here does not support some of Hill's contentions and that he has not established error. (Denham v. Superior Court, supra, 2 Cal.3d 557, 564, 86 Cal.Rptr. 65, 468 P.2d 193; People v. $4.97,590 United States Currency (1997) 58 Cal.App.4th 145, 152-153, 68 Cal.Rptr.2d 185.) The record does support Hill's contentions, however, in two respects.
First, the judgment states that the trial court found "a prima facie case" for the forfeiture of the currency.[2] Section 11488.4, subdivision (i)(2), requires the district attorney to prove "beyond a reasonable doubt" that the $20,110 currency is traceable to drug trafficking as set forth in section 11470, subdivision (f).[3] (People v. *557 $47,050 (1993) 17 Cal.App.4th 1319, 1323, 22 Cal.Rptr.2d 32 ["The government must establish some nexus between the seized funds and a narcotics transaction."].) Section 11488.4, subdivision (i)(2) provides: "In the case of property described in subdivision (f) of section 11470 [including money], except cash ... of a value of not less than twenty-five thousand dollars ($25,000), for which forfeiture is sought and as to which forfeiture is contested, the state or local governmental entity shall have the burden of proving beyond a reasonable doubt that the property for which forfeiture is sought meets the criteria for forfeiture described in subdivision (f) of section 11470 [concerning nexus with drug trafficking]."[4] We use the word "nexus" to mean "traceable to" or "having a connection with."
Second, section 11488.4, subdivision (i)(3), requires that Hill be convicted in an underlying criminal action as a "condition precedent" to forfeiture of the $20,110.[5] Moreover, the forfeiture proceedings must be tried before the same trier of fact, unless waived by all parties. (Ibid.) Section 11488.4, subdivision (i)(5), provides: "If there is an underlying or related criminal action, and a criminal conviction is required before a judgment of forfeiture may be entered, the issue of forfeiture shall be tried in conjunction therewith. Trial shall be by jury unless waived by all parties."
Here the judgment states that evidence of the $20,110 currency "may be used as evidence in the underlying criminal case." The judgment thus indicates that the underlying criminal proceedings are ongoing and have not yet resulted in a conviction.
Hill requests that we order the forfeiture proceedings dismissed because the trial court and the District Attorney deprived him of due process during the proceedings. (Morrow v. Superior Court (1994) 30 Cal.App.4th 1252, 1259-1260, 36 Cal.Rptr.2d 210 [egregious conduct of eavesdropping upon defendant and his attorney in the courtroom].) We decline to do so because the trial court and the district attorney's misapplication of a complicated forfeiture statute is not similar to the outrageous conduct in Morrow. We also decline the District Attorney's request to dismiss the appeal because Hill designated the record untimely. The District Attorney has not established any prejudice and the briefing has been completed. We hope that our opinion will prompt the Legislature to return to "the drawing board" and provide some clarity to this confusing and convoluted statute.
The judgment is reversed and remanded. Each side to bear its own costs.
We concur: YEGAN and PERREN, JJ.

*558 SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN LUIS OBISPO
The People of the State of California } NO. CV 050753
 Plaintiff,} JUDGMENT OF FORFEITURE
 v }
 }
$20,110.00 IN U.S. CURRENCY, }
 Defendant,}
 }
RICKY KILL, }
 Criminal.}
Good cause appearing, the Court finds and order the following:
The Court finds that ad interested parties have been earned with notice of forfeiture proceedings and that notice by publication has been properly performed, as required by Health and Safety Code Sections 11488.4(e) and (a), and claimant had notice of today's hearing.
The Court find that a prima facto case exists forfeiture of Defendant Property Subject to Disposition: $20,110.00. Defendant property was proceeds traceable to an exchange for a controlled substance.
THE COURT ORDERS THAT the provision* of the Best evidence Rule (Evidence Code Section 1500 et seq.) are waived to that other currency In the same denominations may be used as evidence In tho underlying criminal case at representing the. Defendant Property *559 Subject to Disposition
THE COURT ORDERS THAT Defendant Property Subject to Dispoistion: $20,710.00, plus interest since tha date of deposit, is declared forfeited under the authority of Health and Safety Coda Section 11478 at seq. and to be distributed pursuant to the provisions of Health and Safety code Section 11489.
IT IS FURTHER ORDERED THAT the parties shall bear their respective costs of suit and attorney feat herein.
NOTES
[1] All further statutory references are to the Health and Safety Code
[2] A photocopy of the "Judgment of Forfeiture" is attached to this opinion.
[3] Section 11470, subdivision (f) reads as follows: "All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, or securities used or intended to be used to facilitate any violation of Section 11351, 11351.5, 11352, 11355, 11359, 11360, 11378, 11378.5, 11379, 11379.5, 11379.6, 11380, 11382, or 11383 of this code, or Section 182 of the Penal Code, or a felony violation of Section 11366.8 of this code, insofar as the offense involves manufacture, sale, possession for sale, offer for sale, or offer to manufacture, or conspiracy to commit at least one of those offenses, if the exchange, violation, or other conduct which is the basis for the forfeiture occurred within five years of the seizure of the property, or the filing of a petition under this chapter, or the issuance of an order of forfeiture of the property, whichever comes first."
[4] Section 11488.4, subdivision (i)(4) concerns the government's burden of proof with money exceeding $25,000.
[5] Section 11488.4, subdivision (i)(4) does not require a criminal conviction prior to a judgment of forfeiture of $25,000 or more.