Filed 4/29/13  Smith v. Cheney CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| LEA SMITH,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>RICHARD CHARLES CHENEY, JR.,<br><br>    Defendant and Respondent;<br><br>CONTRA COSTA DEPARTMENT OF CHILD SUPPORT SERVICES,<br><br>    Real Party in Interest. | A135986<br><br>(Contra Costa County<br>Super. Ct. No. MSF0701564) |

Lea Smith, in propria persona, appeals from a child custody and visitation order regarding her son.  She contends that she was denied a fair custody hearing, and that the court ignored her claims that her son was abused.  We affirm.

**FACTUAL BACKGROUND**

Smith has not provided a properly supported statement of facts in her opening brief nor has she designated an adequate record.  The California Rules of Court require that litigants provide a summary of the significant facts supported by references to the appellate record.  (Cal. Rules of Court, rule 8.204 (a)(1)(C) & (2)(C); see *Arbaugh v. Procter & Gamble Mfg. Co.* (1978) 80 Cal.App.3d 500, 503, fn. 1 [failure to comply with the Rules of Court requiring summary of material facts supported by appropriate reference to the record may constitute waiver of error].)  Smith's status as a pro per litigant does not excuse her from the duty to comply with the rules.  An appellant in

1

propria persona is held to the same standard of conduct as that of an attorney on appeal. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985.)

Smith elected not to provide us with any reporter's transcripts and proceeded solely on a clerk's transcript. There is thus no record of the numerous hearings in this custody dispute. As far as we can ascertain from the limited record before us, Smith filed an order to show cause to modify an existing child custody and visitation order on February 23, 2010. She alleged that she was the victim of domestic violence and that her son had suffered physical abuse. The existing order provided primary custody with the son's father, with Smith having visitation in alternate weeks. The court held a hearing on June 29, 2010, during which it expressed concerns about mother's mental health. The court set the matter for a long cause hearing.

The matter was heard on October 1, 2010. The court awarded legal and physical custody of the son to father, with Smith having reasonable visitation on weekends. In making its order, the court followed many of the recommendations of a mediator.

Smith filed another order to show cause to modify the custody and visitation order on December 30, 2011. She requested child abduction prevention orders alleging that father was always late for visitation exchanges. The court denied the motion on February 14, 2012.

Smith filed yet another order to show cause to modify the custody order on February 15, 2012. She alleged that her son was living in fear and that she had noticed changes in his behavior and appearance. The court held a hearing on June 19, 2012. The court again awarded legal and physical of the son to father and adopted the mediator's recommendations that Smith obtain a psychological evaluation and that she continue to have weekend visitation with the exception of the third weekend of the month. Smith thereafter filed this appeal.

## DISCUSSION

Smith contends that she was denied a fair custody hearing. She, however, has provided this court with no transcript of the hearing on her order to show cause to modify the custody and visitation order.

2

It is well settled that a party challenging a judgment has the burden of showing reversible error by an adequate record. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574; 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 628, p. 704.) " 'It is elementary and fundamental that on a clerk's transcript appeal the appellate court must conclusively presume that the evidence is ample to sustain the findings, and that the only questions presented are as to the sufficiency of the pleadings and whether the findings support the judgment.' [Citations.]" (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154, see also, *Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416 [if record is inadequate for meaningful review, the appellant defaults and the trial court's decision should be affirmed.) In the absence of an adequate record here, we must presume that the court's judgment is correct. On the record before us, no error appears.

## DISPOSITION

The order is affirmed.

_____
Rivera, J.

We concur:

_____
Ruvolo, P.J.

_____
Humes, J.