Filed 6/28/13  Ansari v. Haris CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MUSTAFA ANSARI,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>PAMELA HARRIS, as Director, etc.,<br><br>        Defendant and Respondent. | A136932<br><br>(Alameda County<br>Super. Ct. No. RG11599408) |

Plaintiff Mustafa Ansari appeals from an order denying his petition for writ of mandate in which he sought to compel the Employment Development Department (department) to restore unemployment insurance benefits he claims were wrongfully withheld.  Ansari also challenges an order denying his motion for reconsideration and an order denying a motion to sanction the department's attorneys.  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Ansari began receiving unemployment insurance benefits in 2008.  In 2010, the department determined that Ansari was disqualified from receiving benefits for 15 weeks as a result of his willful failure to report earnings he had received in 2009.  The department issued a notice of overpayment that required Ansari to pay statutory penalties as well as to pay back benefits totaling $4,286.

Ansari filed administrative appeals of the department's disqualification and overpayment decisions with the California Unemployment Insurance Appeals Board. The focus of these appeals was on whether Ansari had willfully made a false statement or

withheld a material fact in order to obtain benefits. On the basis of Ansari's sworn testimony, an administrative law judge (ALJ) concluded that Ansari had knowingly failed to report earnings received while he was accepting benefits. The ALJ modified the department's notice to provide that Ansari was disqualified from receiving benefits for 10 weeks. The ALJ also concluded that Ansari had received more benefits than he was due as a result of his willful misrepresentation and willful nondisclosure, thus requiring Ansari to repay benefits and pay a 30 percent statutory penalty. The ALJ set aside the department's notice of overpayment and remanded the matter for a redetermination of the repayment obligation and penalty assessment in light of information found in companion cases concerning Ansari's earnings during the period in question.

Following the remand by the ALJ, the department issued a redetermination of Ansari's earnings during the relevant period in 2009. Ansari filed an administrative appeal of that redetermination. Among other things, Ansari claimed his testimony established that he earned less than the department had calculated. On his notice of appeal, he wrote, "2nd Appeal—Same Issue." Ansari corresponded with the department via email over the succeeding months. In his correspondence, he disagreed with the department's redetermination and expressed his view that an additional period of disqualification had been imposed against him for which benefits should be reinstated. At one point, Ansari stated he was informed his appeal had been "miscoded as a False Claim appeal," presumably reflecting that he was appealing a determination that he had willfully made a false statement or omission of material fact in order to obtain benefits. He clarified that he was appealing the department's redetermination of his wages and benefits.

While Ansari's administrative appeal was pending, he filed a petition for writ of administrative mandate in the trial court. According to Ansari, this first writ petition sought to prohibit the California Unemployment Insurance Appeals Board from retrying matters previously decided. He asserted that the department fraudulently changed his administrative appeal from a challenge to the department's wage determination to another

2

appeal of the previously litigated " 'false statement' " claim. The action was dismissed with prejudice.

Ansari filed the petition at issue in this appeal on October 12, 2011. Ansari sought a petition for writ of mandate or prohibition pursuant to Code of Civil Procedure section 1085 et seq. against Pamela Harris, as director of the department. According to Ansari, the petition was "based on nearly the same operative facts" as his previous petition for administrative mandate. He sought to compel the department to "[d]isgorge 10 weeks of wrongfully disqualified benefits" and to "[d]isgorge benefits withheld that violate [his] due process right to the benefits or a hearing."

The trial court denied Ansari's petition following a hearing on April 26, 2012. Ansari attempted to file a motion for reconsideration of the order denying his petition on May 1, but the clerk rejected the filing for failure to comply with the applicable rules of court. The court accepted a reconsideration motion for filing on May 18.

On June 5, 2012, Ansari filed a motion for sanctions against two attorneys who had represented the department. The motions for reconsideration and for sanctions were argued and submitted on July 19, 2012. On July 25, 2012, the court entered separate orders denying Ansari's motion for reconsideration and his motion for sanctions.

Ansari filed a notice of appeal on October 23, 2012. In his notice of appeal, Ansari claims judgment was "[n]ever entered." In fact, the trial court register of actions supplied to this court reflects that a dismissal order was entered on October 23, 2012. Because Ansari failed to provide this court with a copy of the judgment, and because the judgment is a document that must be included in the clerk's transcript, the record on appeal is augmented on the court's own motion to include a copy of the lower court's judgment. As set forth in the judgment, the court denied the petition for three reasons: "1) petitioner failed to exhaust his administrative remedies [citation]; 2) the petition is barred by res judicata [citations]; and 3) petitioner failed to comply with the applicable statute of limitations." The judgment further reflects that the court denied Ansari's motion for reconsideration as untimely.

## DISCUSSION

It is a fundamental rule of "appellate review that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown." (*Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187.) " 'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' " (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) It is the appellant's burden to provide an adequate record. (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) "Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant]." (*Ibid.*) Parties that choose to represent themselves, such as Ansari, are subject to the same rules as litigants represented by counsel and are not excused from the requirement that an appellant must provide the court with a sufficient record. (See *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

In this case, the record on appeal is patently inadequate to allow meaningful appellate review of the challenged decisions of the trial court and the department. The record on appeal is limited to a copy of Ansari's writ petition, his motion for sanctions, a request for a continuance of the sanctions hearing combined with a reply to the department's opposition papers, a reply brief addressing the motions for reconsideration and sanctions, the orders denying reconsideration and sanctions, and Ansari's notice of appeal. As noted previously, we have augmented the record on our own motion to include a copy of the judgment, in part to satisfy ourselves that the appeal is properly taken from a final judgment of the trial court. (See *Quiroz v. Seventh Ave. Center* (2006) 140 Cal.App.4th 1256, 1275, fn. 24.) Still missing from the record are documents essential to our review of the judgment, such as the department's answer and opposition to Ansari's writ petition, Ansari's own motion for reconsideration, the department's opposition to that motion, and the department's opposition to the motion for sanctions. Further, because Ansari chose to proceed without a record of oral proceedings in the trial

4

court, the record does not include a reporter's transcript of the trial court's hearings on his petition or on his motions for reconsideration and sanctions.

Ansari also failed to provide this court with the administrative record of the challenged decisions or actions of the department. This omission is critical. If an appellant's arguments require reference to the administrative record, the appellant must designate the administrative record for inclusion in the record on appeal and must ensure that it is transmitted to the Court of Appeal. (*Advanced Choices, Inc. v. State Dept. of Health Services* (2010) 182 Cal.App.4th 1661, 1670.) Because Ansari's basic claim is that the department failed to comply with the law, thereby justifying issuance of a writ of traditional mandate, his claims on appeal necessarily require reference to the administrative record of the department's actions. In traditional mandate actions, our review is limited to considering whether the challenged action of a public agency constitutes an abuse of discretion. (*O.W.L. Foundation v. City of Rohnert Park* (2008) 168 Cal.App.4th 568, 585.) Without a record of the department's actions, we are not in a position to assess whether the department abused its discretion.[1]

The lack of an adequate record is fatal to Ansari's claims on appeal. It is unnecessary to address the substance of his arguments in the absence of a record sufficient for meaningful appellate review.

## DISPOSITION

The judgment and order denying sanctions are affirmed.

---

[1] We observe that the record on appeal contains limited portions of the administrative record included as exhibits to the writ petition Ansari filed in the trial court. This very limited and selective record of the department's actions does not substitute for a proper and complete administrative record.

 

 

_____
McGuiness, P. J.


We concur:


_____
Pollak, J.


_____
Jenkins, J.