Filed 9/18/14  Threadgill v. Extreme Auto Recovery CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| FRANK THREADGILL, | H039620 |
| Plaintiff and Appellant, | (Santa Clara County Super. Ct. No. 1-10-CV172550) |
| v. | |
| EXTREME AUTO RECOVERY, INC., | |
| Defendant and Respondent. | |

Plaintiff Frank Threadgill brought a personal injury action against defendant Extreme Auto Recovery, Inc., alleging he was struck by defendant's tow truck during the repossession of his vehicle.  After trial, the jury found that defendant was negligent but that its negligence was not the cause of plaintiff's injuries.  The trial court denied plaintiff's motion for a new trial based on juror misconduct and entered judgment against plaintiff.  On appeal from that judgment, plaintiff argues the trial court erred in denying his motion for a new trial.  We disagree and shall affirm.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

A.   *Evidence Presented At Trial*

We state the facts as presented by the limited record on appeal consisting of appellant's appendix, respondent's appendix, and a partial reporter's transcript.[1]

---

[1] The partial reporter's transcript excludes the direct examinations of plaintiff's witnesses and the cross-examinations of defendant's witnesses.  This oddly one-sided transcript is the result of plaintiff's decision not to designate any of the trial testimony in his notice designating the record on appeal.  He designated only the oral proceedings
(continued)

Plaintiff testified that he parked his vehicle outside his wife's home one evening in May 2010. Plaintiff and his wife were not living together at the time; he was there to care for her because she was sick. At approximately 1:30 a.m. the following morning, plaintiff was sitting in the bedroom when he heard a truck beeping. He walked to the front door and saw a tow truck near his vehicle. Plaintiff, who was aware his vehicle was going to be repossessed, attempted to get the tow truck driver's attention because he wanted to retrieve some of his personal belongings from the vehicle. According to plaintiff, he was standing between the rear of his vehicle and the rear of the tow truck and, as the tow truck drove away with his vehicle, something clipped his foot. The collision did not cause plaintiff's foot to move or cut his skin. Plaintiff went to the hospital and learned that his Achilles tendon was ruptured; surgery was required to repair it.

Plaintiff's wife testified that plaintiff was sitting on the front step, not standing between the vehicles, when the tow truck drove away.

Defendant's accident reconstruction expert, Rajeev Kelkar, Ph.D., opined that plaintiff could not have been struck by the defendant's truck in the manner he claimed.

Roger Mann, M.D., an orthopedic surgeon who specializes in foot and ankle injuries, testified as an expert for the defense. He opined that it was "very unlikely" that a single blow to plaintiff's Achilles tendon caused it to rupture. He stated that patients with Achilles tendon ruptures often report feeling as if they were kicked in the leg at the time of the injury, when in fact they were not.

### B. *The Court Reports That Toy Cars Were Seen in the Jury Room*

On January 16, 2013, the trial court notified the parties that the jury had reached a verdict. Before the jury entered into the courtroom, the trial judge informed the parties

---

from the day the jury returned its verdict for inclusion in the transcript. Defendant filed a notice designating the cross-examinations of plaintiff's witnesses and the direct examinations of its own witnesses.

that "the deputy told me that in looking in the jury room, he saw what appeared to be some small cars, kids' cars, which aren't ours or the staff, so presumably somebody brought some in there to use, I assume, for demonstration. I don't know. . . . [¶] Is there anything you want me to do? There wasn't much I could do other than read them the instruction: no investigation on your own. I'm not sure that makes a heck of a lot of difference anyway. If you want to make some record you are free to do so." Plaintiff's attorney responded "[w]e'll go with it, Your Honor."

### C. *The Verdict and Plaintiff's Unsuccessful New Trial Motion*

Immediately after the discussion above occurred, the jury rendered its verdict. The jury determined that defendant was negligent but that its negligence was not a substantial factor in causing plaintiff's injury.

Plaintiff moved for a new trial based on jury misconduct, arguing that the jury's use of toy cars in their deliberations constituted improper experimentation that produced new evidence on which their verdict could not properly be based. To demonstrate misconduct, plaintiff relied solely on the trial court's statement that the deputy saw toy cars in the jury room. Plaintiff submitted no affidavits from jurors or the deputy. The trial court denied plaintiff's motion on April 19, 2013. The trial court did not provide a statement of decision explaining the basis for the denial. Plaintiff filed a timely notice of appeal on May 13, 2013.

## II. DISCUSSION

On appeal, plaintiff argues the trial court committed reversible error by denying his motion for a new trial on the ground of juror misconduct.

### A. *Principles of Appellate Review and the Standard of Review*

In conducting our appellate review, we presume that a judgment or order of a lower court is correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) " 'All intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent, and error must be affirmatively shown.' " (*Ibid.*) Therefore, a

3

party challenging a judgment or an appealable order "has the burden of showing reversible error by an adequate record." (*Ballard v*. *Uribe* (1986) 41 Cal.3d 564, 574.) " 'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' " (*Gee v*. *American Realty & Construction*, *Inc*. (2002) 99 Cal.App.4th 1412, 1416.) Thus, where the appellant fails to provide an adequate record as to any issue the appellant has raised on appeal, the issue must be resolved against the appellant. (*Maria P*. *v*. *Riles* (1987) 43 Cal.3d 1281, 1295.)

"On review from a trial court's 'determin[ation of] whether [juror] misconduct occurred, "[w]e accept the trial court's credibility determinations and findings on questions of historical fact if supported by substantial evidence." ' " (*Barboni v*. *Tuomi* (2012) 210 Cal.App.4th 340, 345.) If misconduct occurred, a presumption of prejudice arises that may be rebutted by evidence that no prejudice resulted. (*Iwekaogwu v*. *City of Los Angeles* (1999) 75 Cal.App.4th 803, 818.) We review "the entire record, including the evidence, and make[] an independent determination as to whether the misconduct was prejudicial." (*Barboni v*. *Tuomi*, *supra*, at p. 345.)

### B. *Forfeiture*

Relying on the doctrines of forfeiture and invited error, defendant urges us not to reach the merits of plaintiff's juror misconduct claim.[2] According to defendant, plaintiff was required to raise his concerns about improper jury experimentation when the trial court informed the parties that the deputy had seen toy cars in the jury room; by waiting to do so until after the verdict was returned, he forfeited the issue.

---

[2] Defendant uses the term "waiver," but the correct legal term for its argument is "forfeiture." (*People v*. *Saunders* (1993) 5 Cal.4th 580, 590, fn. 6 [" 'Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the "intentional relinquishment or abandonment of a known right" ' "].)

Generally, to preserve a claim of juror misconduct for appellate review, an appellant must "seek the juror's excusal or otherwise object to the court's course of action." (*People v. Holloway* (2004) 33 Cal.4th 96, 124.) Where alleged juror misconduct is discovered before the jury renders its verdict, the party must raise its objection at that time to avoid forfeiture. (*People v. Martinez* (1968) 264 Cal.App.2d 906, 912; *People v. Quiel* (1945) 68 Cal.App.2d 674, 680 ["A defendant or his attorney, who possesses knowledge, during the progress of a trial, of the conduct of jurors which he deems to be prejudicial, may not . . . assign the conduct as prejudicial misconduct for the first time after an adverse verdict has been returned against him."].) A timely objection allows the court to remedy the misconduct by admonishing the jury, discharging the offending jurors, citing the juror for contempt, or declaring a mistrial. (Wegner et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group 2000) ¶¶ 15:265 to 15:271.) Thus, applying the forfeiture doctrine in the context of juror misconduct claims serves the purpose underlying that doctrine: " ' " 'to encourage [parties] to bring errors to the attention of the trial court, so that they may be corrected or avoided and a fair trial had . . . .' " ' " (*People v. Simon* (2001) 25 Cal.4th 1082, 1103.)

Plaintiff contends his trial counsel did not have sufficient information to object before the verdict was rendered because "[i]t was only later determined that the toy cars found in the jury room could have in no way represented the size, shape, and mechanisms of the vehicles involved in the incident, thereby bringing new evidence in the case that neither party could address." We hardly believe plaintiff's counsel needed to see the *toy cars* to realize they did not represent the size, shape, and mechanisms of the *actual vehicles* (and there is no indication in the record that counsel ever inspected the toys). Moreover, plaintiff submitted no affidavits from jurors or court officials about the toy cars or the jury's use of them, if any. Instead, he relies solely on "evidence" that was available and known to him before the jury rendered its verdict--namely, the trial court's statement that the deputy had seen toy cars in the jury room.

5

Accordingly, we agree with defendant that plaintiff's "failure to raise objection to [the] alleged misconduct until after completion of the jury's duties constitutes a [forfeiture] of any error." (*People v. Orchard* (1971) 17 Cal.App.3d 568, 576.) A timely objection would have permitted the trial court to cure the misconduct by questioning the jury and "obtaining assurances that they are able to disregard the improper information and decide the case solely on the evidence and the jury instructions previously given." (Wegner et al., Cal. Practice Guide: Civil Trials and Evidence, *supra*, ¶ 15:266, p. 15-59 (rev. #1, 2013).) By denying the trial court that opportunity to cure, plaintiff forfeited his claim.

### C. *No Prejudicial Misconduct Occurred*

Even if plaintiff had preserved his juror misconduct claim, we would reject it on the merits.

"It is well established it is misconduct for a juror . . . to engage in an experiment which produces new evidence." (*Smoketree-Lake Murray, Ltd. v. Mills Concrete Construction Co.* (1991) 234 Cal.App.3d 1724, 1746.) "However, not every experiment constitutes jury misconduct." (*People v. Cumpian* (1991) 1 Cal.App.4th 307, 316.) Experiments "within the lines of offered evidence" that do not "invade new fields" do not constitute misconduct. (*Higgins v. L. A. Gas & Electric Co.* (1911) 159 Cal. 651, 657.)

Here, the evidence of misconduct consists solely of the trial court's statement that "the deputy told me that in looking in the jury room, he saw what appeared to be some small cars, kids' cars." Plaintiff submitted no juror affidavits indicating how, if at all, the jurors used the cars in their deliberations. Thus, there is no evidence that the jury in fact engaged in an experiment that produced new evidence. Plaintiff's evidence falls far short of the kind of showing necessary to establish juror misconduct.

Even if we were willing to assume that misconduct occurred, we would find that the presumption of prejudice that accompanies juror misconduct was rebutted. "The presumption of prejudice may be rebutted, inter alia, by a reviewing court's

6

determination, upon examining the entire record, that there is no substantial likelihood that the complaining party suffered actual harm." (*People v. Hardy* (1992) 2 Cal.4th 86, 174; see also *McDonald v. Southern Pacific Transp. Co.* (1999) 71 Cal.App.4th 256, 265.) The relative strength of the parties' cases bears on that analysis. (See *In re Carpenter* (1995) 9 Cal.4th 634, 654 ["the stronger the evidence [against defendant in a criminal case], the less likely it is that the extraneous information itself influenced the verdict"].) On the record before us, the defense's case was quite strong: defendant's accident reconstruction expert testified that plaintiff could not have been hit as he claimed; defendant's medical expert testified that a collision like the one plaintiff described was unlikely to have caused his injury; and, on cross-examination, defendant's counsel exposed inconsistencies between plaintiff's version of events and that of his wife. Given that plaintiff's affirmative case is not in the record, his case appears to have been much weaker.[3] Based on the record before us, there is no substantial likelihood that plaintiff was harmed by any misconduct. Accordingly, we conclude that the presumption of prejudice has been overcome by the strength of the case.

III.    DISPOSITION

The judgment is affirmed. Defendant Extreme Auto Recovery, Inc., shall recover its costs on appeal.

---

[3] Plaintiff's failure to provide an adequate record on appeal provides yet another ground for resolving the issue against him. (*Maria P. v. Riles*, *supra*, 43 Cal.3d at p. 1295.)

_____
Premo, J.

WE CONCUR:

_____
Rushing, P.J.

_____
Elia, J.