Filed 9/26/14  Tesser Ruttenberg etc. v. Forever Entertainment CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| TESSER RUTTENBERG & GROSSMAN LLP, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> FOREVER ENTERTAINMENT LLC et al., <br><br> Defendants and Appellants. | B249042 <br><br> (Los Angeles County <br> Super. Ct. No. BC498140) <br><br> ORDER MODIFYING OPINION AND DENYING REHEARING <br> NO CHANGE IN JUDGMENT |

THE COURT:[*]

It is ordered that the opinion filed on August 27, 2014, be modified as follows:

On page 7, the first and only paragraph under the subheading "***A.  Statutory right to arbitration***" is deleted and the following two paragraphs and footnote are inserted in its place, which will require renumbering of all subsequent footnotes:

> Defendants contend they have a statutory right to compel arbitration under the Mandatory Fee Arbitration Act (Bus. & Prof. Code, § 6200 et seq.) (MFAA) and they did not waive that right because plaintiff did not provide them with the requisite notice of their right to arbitrate under the MFAA.[1] Although the record shows that notices of the right to arbitrate under Business and Professions Code sections 6200 to 6206 were served on Forever, defendants claim those notices were ineffective because the notices identified Tesser Ruttenberg & Grossman LLP as the attorney, rather than Tesser & Ruttenberg, the name of the law firm that represented

---

[*]     BOREN, P. J., ASHMANN-GERST, J., CHAVEZ, J.

Forever as a client. That argument is an unpersuasive attempt to elevate form over substance. Forever, through its counsel, acknowledged receipt of the notices. Forever had ample opportunity thereafter to request arbitration under Business and Professions Code section 6200, but did not do so.

Hertz, Ryan, and Partners were not served with notices of the right to arbitrate under the MFAA because they had no right to invoke arbitration under that statute. Hertz, Ryan, and Partners were not clients entitled to such notice. Plaintiff was not seeking fees from Hertz or Ryan with regard to the Joel Hecht matter, the only matter on which T&R represented Hertz and Ryan. T&R never represented Partners. Plaintiff's action did not concern any attorney-client relationship between T&R, on the one hand, and Hertz, Ryan, and Partners, on the other. Hertz, Ryan, and Partners are not entitled to arbitrate under the MFAA.

[1] The MFAA covers fee disputes between an attorney and client. It requires an attorney who wishes to sue a client for fees to give the client written notice "prior to or at the time of service of summons" of the client's right to arbitrate the fee dispute under the MFAA. (Bus. & Prof. Code, § 6201, subd. (a).) A client who receives such notice and fails to invoke his or her right to proceed under the MFAA within the time period specified in the notice waives the right thereafter to do so. (See *Aguilar v. Lerner* (2004) 32 Cal.4th 974, 989.)

There is no change in the judgment.

Appellant's petition for rehearing is denied.

2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| TESSER RUTTENBERG & GROSSMAN LLP, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> FOREVER ENTERTAINMENT LLC et al., <br><br> Defendants and Appellants. | B249042 <br><br> (Los Angeles County Super. Ct. No. BC498140) |

APPEAL from an order of the Superior Court of Los Angeles County.  Michael L. Stern, Judge.  Affirmed.

Law Offices of Edward A. Hoffman and Edward A. Hoffman for Defendants and Appellants.

Goodman & Goodman and Howard Goodman for Plaintiff and Respondent.

Defendants and appellants Forever Entertainment LLC (Forever), Forever Entertainment Partners LLC (Partners), John Hertz and Brittney Ryan (collectively, defendants) appeal from the trial court's order denying their petition to compel arbitration of an action for breach of contract, quantum meruit, and account stated by plaintiff and respondent Tesser, Ruttenberg & Grossman LLP (plaintiff). We affirm the trial court's order.

## BACKGROUND

### The parties

Forever is a California limited liability company and a former client of the law firm of Tesser & Ruttenberg (T&R). Partners is a wholly owned subsidiary of Forever that was formed in July 2010. Hertz and Ryan are managing members of Forever and Partners.

Plaintiff is the assignee of claims for unpaid legal fees assigned by T&R against Forever, Hertz, Ryan, and Partners.

### March 2009 agreement

On March 9, 2009, T&R, Forever, Hertz, and Ryan entered into an "Agreement for Continued Representation," in which Forever agreed to pay more than $163,345 in outstanding fees owed to T&R in exchange for T&R's continued legal representation. Hertz and Ryan also agreed to pay a portion of Forever's outstanding fees from monies received by either of them in any transfer or assignment of their membership interests in Forever. The March 2009 agreement contains no arbitration provision.

### May 2009 agreement

On May 26, 2009, Forever, Hertz, and Ryan entered into a second agreement with T&R. The May 2009 agreement identifies Forever as the "Client" and T&R as the "Firm." The agreement was signed by Ryan and Hertz as individuals and as managing members of Forever and by attorney Brian Grossman on behalf of T&R.

The May 2009 agreement states: "This is a written fee agreement (the 'Agreement') between the Firm and Client to provide legal services to Client on the terms set forth below. This Agreement supersedes any prior fee agreement between Client and

2

the Firm.  Notwithstanding the foregoing, each of the terms set forth in the Agreement for Continued Representation dated March 9, 2009 shall remain in full force and effect."

In the May 2009 agreement, T&R agreed to represent Forever in connection with eight specified matters, including a matter indentified as the "Joel Hecht matter."  T&R also agreed to represent Hertz and Ryan, but only in connection with the Joel Hecht matter.

The May 2009 agreement contains an arbitration provision that states in relevant part as follows:

> "By executing this retainer agreement, Client and the Firm are agreeing to have any and all disputes that arise out of, or relate to this Agreement, including but not limited to claims of negligence or malpractice arising out of or relating to the legal services provided by the Firm to Client, decided only by binding arbitration in accordance with the rules of the Los Angeles County Bar Association and not by court action, except as provided by California law for review of judicial arbitration proceedings. . . ."

> "In agreeing to this arbitration provision, THE FIRM AND CLIENT ARE SPECIFICALLY GIVING UP:
> "(I) ALL RIGHTS THE FIRM AND CLIENT MAY POSSESS TO HAVE SUCH DISPUTES DECIDED IN A COURT OR JURY TRIAL; AND
> "(II) ALL JUDICIAL RIGHTS, INCLUDING THE RIGHT TO APPEAL FROM THE DECISION OF THE ARBITRATOR(S)."

T&R ceased representing Forever, Hertz, and Ryan in December 2010.  Attorney Frank Taboada substituted in as Forever's counsel in the active court cases in January 2011.

**Arbitration notice**

Attorney Taboada received five documents entitled "Notice of Client's Right to Arbitration" by mail in April or May of 2012.  The notices all listed claims by plaintiff against Forever totaling $289,571.30 in five different matters that did not include the Joel Hecht matter.

**Motion to compel arbitration**

Plaintiff filed the instant action against Forever, Partners, Hertz and Ryan on December 27, 2012. The complaint alleged that Partners and Forever were alter egos of each other. The complaint further alleged that T&R had assigned its claims against defendants to plaintiff, that defendants owed $349,011.82 in outstanding fees, that plaintiff had served arbitration notices on Forever, and that Forever had not responded to the notices.

Defendants' counsel emailed plaintiff's counsel on March 12, 2013, demanding arbitration of the case pursuant to the arbitration provision in the May 2009 agreement. Plaintiff's counsel responded: "My clients have decided not to arbitrate. There are several defendants who are not parties to the contract and who are also not parties to the arbitration agreement including Forever Entertainment Partners, John Hertz and Brittney Ryan. The non contracting parties cannot compel arbitration and the plaintiff can refuse to arbitrate with the parties who are not subject to the arbitration agreement."

Defendants thereafter filed a motion to compel arbitration. In its opposition, plaintiff stated that it "has no objection to binding arbitration" so long as the arbitration included "all causes of action against all defendants including causes of action based on the law of alter ego liability." In the alternative, plaintiff requested "that the arbitration be limited to issues and parties subject to arbitration and that issues and parties not subject to arbitration be reserved and litigated at the conclusion of the arbitration."

In reply, defendants argued that the parties' agreement did not allow arbitration of the alter ego liability claim. They pointed out that the arbitration agreement specified that the arbitration would be governed by the Los Angeles County Bar Association rules. Those rules, defendants argued, do not allow the arbitrators to decide alter ego claims.

**April 25, 2013 hearing**

At the outset of the hearing on defendants' motion to compel arbitration, defendants' counsel asked whether the trial court had received defendants' reply brief and proposed order. The court stated that it had not received it and therefore had not read any reply brief. The parties then proceeded to argue their respective positions. Plaintiff

4

expressed its willingness to arbitrate, noting that the only issue in dispute was whether the arbitration would include the alter ego claim. The trial court stated that if the parties "really want to arbitrate, I'll let you stipulate to arbitrate" but emphasized that any arbitration must be "all or nothing." In response, defendants argued that the parties had contractually agreed to arbitrate their claims in accordance with the rules of the Los Angeles County Bar Association, and those rules did not allow arbitration of the alter ego claim. Defendants further argued that because the parties had also contractually agreed to give up all rights to a court action, plaintiff was not entitled to adjudication of its alter ego claim.

The trial court announced that its tentative ruling had been to deny the motion to compel arbitration. When defendants expressed surprise at the tentative ruling, the trial court directed them to the email correspondence between the parties and noted that the correspondence "was a deciding factor" in its decision. The court further stated: "You all decided not to arbitrate." Defendants argued in response that only the plaintiff had decided against arbitration. The trial court asked: "You all want to arbitrate?" Plaintiff's counsel responded, "Only if we arbitrate everything; otherwise, no." The trial court then asked: "All or nothing?" When plaintiff's counsel responded in the affirmative, the trial court stated: "As far as I'm concerned, arbitration would also be all or nothing, too."

Defendants' counsel then suggested that the parties first determine whether the Los Angeles County Bar Association would agree to arbitrate the alter ego claim. The court responded: "I understand the possible -- possible logistics or strategy as you detail them, but that is not the consideration, in terms of whether you're in or out of the arbitration based on the clause and the subsequent conduct of the parties." The trial court then denied the motion to compel arbitration. This appeal followed.

## DISCUSSION

### I. Governing legal principles

An "order denying a petition to compel arbitration, like any other judgment or order of a lower court, is presumed to be correct, and all intendments and presumptions are indulged to support the order on matters as to which the record is silent. [Citation.]"

5

(*Gutierrez v. Autowest, Inc*. (2003) 114 Cal.App.4th 77, 88.)  The presumption of correctness is particularly applicable when, as was the case here, defendants failed to request a statement of decision explaining the factual and legal basis for the trial court's ruling denying their motion to compel arbitration.  (*Acquire II, Ltd. v. Colton Real Estate Group* (2013) 213 Cal.App.4th 959, 970-971 (*Acquire II*).)

"A party's failure to request a statement of decision when one is available has two consequences.  First, the party waives any objection to the trial court's failure to make all findings necessary to support its decision.  Second, the appellate court applies the doctrine of implied findings and presumes the trial court made all necessary findings supported by substantial evidence.  [Citations.]  This doctrine 'is a natural and logical corollary to three fundamental principles of appellate review:  (1) a judgment is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving error.'  [Citation.]"  (*Acquire II, supra*, 213 Cal.App.4th at p. 970)  Accordingly, if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court must be affirmed.  (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416 (*Gee*).)

As we discuss, defendants failed to meet their burden of establishing any reversible error by the trial court because they failed to provide an adequate record demonstrating such error.

## II.  Defendants fail to establish reversible error

Defendants contend the order denying their motion to compel arbitration must be reversed because (1) Hertz and Ryan had a statutory right to compel arbitration pursuant to Business and Professions Code section 6200; (2) Hertz, Ryan, and Partners had standing to invoke the arbitration clause in the May 2009 agreement; (3) the trial court improperly found they had waived the right to arbitrate; (4) the trial court's failure to read their reply brief before the hearing was a violation of their due process rights; and (5) the trial court improperly applied an "all or nothing" rule for arbitration of the claims.

6

## A. *Statutory right to arbitration*

Defendants did not invoke a statutory right to arbitration under Business and Professions Code section 6200 et seq. in the trial court below and they make no argument in their opening brief that they may do so for the first time on appeal. They accordingly forfeited the right to do so in this appeal. (*Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 798.)

## B. *Standing*

Whether Hertz, Ryan, and Partners had standing to compel arbitration under the May 2009 agreement is an issue that was before the trial court. The standing issue was raised in email correspondence between the parties and the trial court stated that this correspondence was "a deciding factor" in its decision to deny the motion to compel arbitration.

The trial court could have determined that the defendants who were not signatories to the arbitration provision lacked standing to compel arbitration under that provision. (*M & M Foods, Inc. v. Pacific American Fish Co., Inc.* (2011) 196 Cal.App.4th 554, 561.) The record, however, contains no such finding by the trial court. Given the absence of any finding on standing to compel arbitration, defendants have established no reversible error based on standing. (*Acquire II, supra*, 213 Cal.App.4th at p. 970; *Gee, supra*, 99 Cal.App.4th at p. 1416.)

## C. *Waiver*

The record contains no finding by the trial court that defendants waived the right to arbitrate. The trial court's statement at the April 25, 2013 hearing that "You all decided to not arbitrate" appears to be directed at both parties. The statement was made after defendants' counsel argued that plaintiff's alter ego claim could not be arbitrated under the Los Angeles County Bar Association rules and neither party responded to the court's suggestion that they stipulate to arbitration. When defendants' counsel responded that it was plaintiff and not defendants that had decided not to arbitrate, the trial court again asked the parties: "You all want to arbitrate?" Plaintiff's counsel replied: "Only if

7

we arbitrate everything; otherwise, no. If we're going to reserve an alter ego issue for trial after the arbitration, it makes sense just to keep the entire matter here."

Given the absence of any express finding by the trial court that defendants waived the right to arbitrate, defendants have established no reversible error based on waiver.[1] (*Acquire II, supra*, 213 Cal.App.4th at p. 970; *Gee, supra*, 99 Cal.App.4th at p. 1416.)

### D. Due process violation

Defendants claim the trial court's failure to read their reply brief before oral argument was a violation of their due process rights. The reply brief included a copy of the Los Angeles County Bar Association rules, and defendants argue that the trial court's failure to read those rules resulted in the court's inability to determine the scope and applicability of the parties' arbitration agreement.

The record discloses no due process violation. The trial court allowed both parties to present their arguments at the April 25, 2013 hearing. At the outset of the hearing, plaintiff's counsel informed the trial court that the only issue in dispute was whether the alter ego claim against Partners would be included in any arbitration between the parties. Defendants argued that the Los Angeles County Bar Association rules do not allow arbitration of the alter ego claim -- the principal argument made in their reply brief in support of the motion to compel arbitration. Defendants were thus accorded the opportunity to be heard on the issue regarding arbitrability of the alter ego claim under the Los Angeles County Bar Association rules and the parties' arbitration agreement.

---

[1] There is substantial evidence to support an implied finding that Partners, a nonsignatory to the arbitration agreement who nevertheless moved to compel arbitration of all claims, subsequently decided against arbitrating the alter ego claim asserted against it. Defendants' counsel insisted at the hearing that the alter ego claim could not be arbitrated and did not respond to the trial court's suggestion that the parties stipulate to arbitration.

8

### E. "All or nothing" rule for arbitration

Defendants contend the trial court mistakenly concluded arbitration could be ordered only if it encompassed all of plaintiffs' claims, including the alter ego claim. They argue that there is no legal basis for the "all or nothing" rule the trial court imposed.

Code of Civil Procedure section 1281.2, subdivision (c) provides a legal basis for the trial court's ruling. The statute applies when "[a] party to the arbitration agreement is also a party to a pending court action or special proceeding with a third party, arising out of the same transaction or series of related transactions and there is a possibility of conflicting rulings on a common issue of law or fact." (Code Civ. Proc., § 1281.2, subd. (c).) In such cases, the court has discretion to pursue one of several options, including denying arbitration so that all issues between all parties are resolved in the judicial proceeding. (*Ibid.*)

In the instant case, a party to the arbitration agreement (Forever), was also a party to litigation claims asserted against others (Partners, Hertz, and Ryan) that were not subject to the arbitration provision but that arose out of the same transaction or series of transactions. The trial court could thus have determined that there was a possibility of conflicting rulings on a common issue of law or fact, if the parties arbitrated some of the claims and proceeded with litigation as to the other claims.

Defendants argue that the record contains no ruling under Code of Civil Procedure section 1281.2 and no findings to support such a ruling. Their failure to request a statement of decision resulted in the forfeiture on appeal of any objection based on the absence of such findings or ruling. (*Acquire II, supra*, 213 Cal.App.4th at p. 971.)

Defendants failed to meet their burden of establishing any reversible error by the trial court.

## DISPOSITION

The order denying the petition to compel arbitration is affirmed. Plaintiff is awarded its costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
CHAVEZ

We concur:


_____, P. J.
BOREN


_____, J.
ASHMANN-GERST