Filed 12/16/14  Sande v. DMV CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| HARVEY SANDE,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>DEPARTMENT OF MOTOR VEHICLES,<br><br>        Defendant and Respondent. | A140071<br><br>(Alameda County<br>Super. Ct. No. RG13674592) |

Harvey Sande (appellant), in pro per, challenges the trial court's judgment denying his petition for a writ of mandate and upholding the Department of Motor Vehicles' (DMV) withdrawal of his driver's license.  He contends:  (1) there was no substantial evidence to support the decision; (2) the trial court erred in denying his request for a jury trial; and (3) the trial court erred in admitting evidence pertaining to his conservatorship and medical records associated with the conservatorship.  We reject the contentions and affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 13, 2012, the DMV issued an order of suspension/revocation of appellant's driver's license, effective December 17, 2012, on the ground that appellant was incapable of operating a motor vehicle safely because of a medical condition.  The order stated that appellant had been "advised against driving due to Parkinson's disease and dementia."

According to an investigation report, appellant "was brought to the attention of the [DMV] via receipt of a Confidential Morbidity Report submitted by Dr. C. Klebanoff that

1

[appellant] had been diagnosed with Parkinson's disease and dementia." The investigative report further stated, "The ability of [appellant] to operate a motor vehicle safely is affected because of a neurological disorder in that: he has been advised against driving. [Appellant] poses a threat to the safety of himself and the motoring public at this time. Cause exists to immediately suspend driver's privilege to operate a motor vehicle, in that his physical and mental condition renders him incapable of safely operating a motor vehicle." Klebanoff's report stated that appellant has Parkinson's disease and dementia and "is markedly ataxic, . . . [H]e moves slowly and he has impairments in memory and judgment." Klebanoff advised appellant not to drive because of his medical condition and opined the condition "represent[s] a permanent driving disability."

Appellant challenged the suspension of his license and an administrative hearing took place before the DMV on December 19, 2012. The DMV hearing officer reviewed appellant's driving record, a written DMV examination that appellant took and passed, and the DMV "field file," which contained the December 13, 2013 order of suspension and Klebanoff's report. Appellant testified he does not have Parkinson's disease or dementia and that Klebanoff, an internist, is "not competent to . . . voice her opinion" on those conditions. He testified that Klebanoff referred him to "the best Parkinson's doctor in the East Bay," Randall Starkey, M.D., who found no evidence Parkinson's disease. Appellant testified he also went to the University of California at San Francisco (UCSF) Medical Center for extensive tests involving his memory, including "PET scans, CAT scans, MRIs, and cognitive tests" to determine "most particularly [whether he had] Alzheimer's disease because [his] mother died from Alzheimer's disease." According to appellant, Gil D. Rabinovici, M.D. from UCSF, opined there was no evidence of Alzheimer's disease.

Appellant presented a February 8, 2011 report from Rabinovici. The hearing officer noted the report was "a year and a half old" and that "something more current" was needed. The hearing officer also stated, "And I'm not sure if Dr. Rabinovici would give you a letter saying there's absolutely no evidence of dementia or Alzheimer because even in what you gave me, he says there is a possibility that there's beginning dementia.

2

He does say that on this document."[1]  Appellant further testified that he had been in two collisions in the last three years but had perfect vision and no moving violations.  The hearing officer provided appellant with two driver medical evaluation forms for Starkey and Rabinovici to fill out to support his position that he was capable of driving.

In a hearing report/decision dated January 23, 2013, the DMV sustained the suspension of appellant's driving privilege.  The hearing officer summarized  Klebanoff and Rabinovici's medical reports and appellant's testimony and stated she gave "very little weight" to Rabinovici's report due to the fact that it was a year and a half old.  The hearing officer further stated, "[Appellant] was given a Driver Medical Evaluation for Dr. Starkey to address the Parkinson Disease due no later than 12-31-12 and was given a Driver Medical Evaluation for Dr. Rabinovici to address Dementia.  The Due date was extended to 1-11-13 after receipt of a phone call from a Nurse at [appellant's] Doctor's office asking for more time to submit the DME due to [the] Doctor being out of town.  To date the [DMV] has not received a Driver Medical Evaluation nor any current information whatsoever from Dr. Rabinovici nor Dr. Randall Starkey."  Based on Klebanoff's opinion that appellant's medical condition impaired his ability to drive, and appellant's failure to present adequate evidence to the contrary, the hearing officer declined to set aside the suspension of appellant's driving license.

On April 8, 2013, appellant filed a petition for a writ of mandate in the superior court.  During the writ proceedings, the DMV submitted probate court documents showing that a conservatorship had been established for appellant.  The trial court granted "the DMV's implicit motion to augment the record" with information relating to the conservatorship.

On July 16, 2013, after a hearing, the trial court denied appellant's petition on the ground that substantial evidence supported the suspension.  The court found, "The DMV considered the Confidential Morbidity Report of Dr. [K]lebanoff dated 11/28/12, which states that [appellant] has been diagnosed with dementia or Alzheimer's disease and that

_____

[1]The report states in part that "it is possible the patient is in the early stages of frontotemporal dementia."

3

that [sic] the doctor would recommend that [appellant] not drive.  The [D]MV considered [appellant's] submission of medical reports from early 2011, but found the more current medical information more persuasive.  The DMV also gave [appellant] Driver Medical Evaluation forms to give to his physicians so they could provide more current and/or additional information, but [appellant] did not return those forms."  The court also found that "the letter from counsel for the conservatorship of [appellant] dated 5/14/13 and the court documents dated 11/29/12 and 2/1/13 regarding the conservatorship provide further support for the DMV's decision."

## DISCUSSION

### *Substantial Evidence*

Appellant states, among other things, that he has "never been diagnosed with dementia, Alzheimer's disease, or Parkinson's disease," and that various tests have shown that he does "not have a trace of Alzheimer's, Parkinson's, or dementia."  His argument is essentially one of substantial evidence, i.e., that there was no substantial evidence to support the decision.  We reject the contention.

Vehicle Code section 13953 provides in part:  "[I]n the event the department determines upon investigation or reexamination that the safety of the person subject to investigation or reexamination or other persons upon the highways require such action, the department shall forthwith and without hearing suspend or revoke the privilege of the person to operate a motor vehicle . . .  [T]he department shall have authority to make any such order effective immediately upon the giving of notice when in its opinion because of the mental or physical condition of the person such immediate action is required for the safety of the driver or other persons upon the highways."

"In ruling on an application for a writ of mandate following an order of suspension or revocation, a trial court is required to determine, based on its independent judgment, ' " 'whether the weight of the evidence supported the administrative decision.' " ' " (*Lake v. Reed* (1997) 16 Cal.4th 448, 456.)  "On appeal, we 'need only review the record to determine whether the trial court's findings are supported by substantial evidence.' [Citation.]' " 'We must resolve all evidentiary conflicts and draw all legitimate and

4

reasonable inferences in favor of the trial court's decision.  [Citations.]  Where the evidence supports more than one inference, we may not substitute our deductions for the trial court's.  [Citation.]  We may overturn the trial court's factual findings only if the evidence before the trial court is insufficient as a matter of law to sustain those findings.' " ' " (*Id.* at p. 457.)

Here, the most recent medical evaluation the DMV had was the November 28, 2012 Confidential Morbidity Report from Klebanoff stating that appellant had been diagnosed with dementia and Parkinson's disease, that the condition presented a permanent driving disability, and that appellant should not drive.  The report further stated that appellant was "markedly ataxic," moved slowly, and had "impairments in memory and judgment."  Although appellant submitted Rabinovici's medical report to attack Klebanoff's report, Rabinovici's report was much older—from February 2011— and did not discuss his ability to drive.  The hearing officer reasonably gave "very little weight" to Rabinovici's report as it reflected appellant's medical condition in February 2011, not November 2012.  Moreover, despite ample opportunity to do so, appellant failed to submit medical evaluation forms from his other doctors to rebut Klebanoff's opinion that he was incapable of driving safely.  The hearing officer and the trial court therefore reasonably relied on Klebanoff's opinion that appellant was incapable of safely operating a vehicle.

### Jury Trial

Appellant contends the trial court erred in denying his request for a jury trial under Code of Civil Procedure section 1090.[2]  He states, "On 07/16/13, in Dept. 31, the

---

[2]Code of Civil Procedure section 1090 provides:  "If a return be made, which raises a question as to a matter of fact essential to the determination of the motion, and affecting the substantial rights of the parties, and upon the supposed truth of the allegation of which the application for the writ is based, the court may, in its discretion, order the question to be tried before a jury, and postpone the argument until such trial can be had, and the verdict certified to the court.  The question to be tried must be distinctly stated in the order for trial, and the county must be designated in which the same shall be had.  The order may also direct the jury to assess any damages which the applicant may have sustained, in case they find for him."

Honorable Evilio Grillo . . . denied Petitioner's request for a jury trial, and denied the Writ of Mandate." Appellant asserts he "recall[s] clearly" that the trial court denied his request for a jury trial, and goes on to provide a summary of a conversation that took place between him, the trial court, and a court law clerk. However, he has not cited to— and we have found nothing in—the record, including the July 16, 2013 order, indicating appellant requested a jury trial, or that the court denied such a request. This omission makes it impossible for us to determine whether the request was made or denied, and on what grounds.

" ' "A judgment or order of the lower court is presumed correct. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error." ' " (*Gee v. American Realty & Construction, Inc*. (2002) 99 Cal.App.4th 1412, 1416.) " 'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' " (*Ibid*.) Because appellant has failed to provide an adequate record on appeal, he has forfeited this claim.

### Evidence of Conservatorship

Appellant contends the trial court erred in admitting evidence pertaining to his conservatorship and medical records associated with the conservatorship. We reject the contention.

Code of Civil Procedure section 1094.5, subdivision (e), provides: "Where the court finds that there is relevant evidence that, in the exercise of reasonable diligence, could not have been produced . . . at the hearing before respondent, it may enter judgment . . . remanding the case to be reconsidered in the light of that evidence; *or, in cases in which the court is authorized by law to exercise its independent judgment on the evidence, the court may admit the evidence at the hearing on the writ without remanding the case*." (Italics added.) This section authorizes trial courts to "to receive relevant

6

evidence of events which transpired after the date of the agency's decision." (*Windigo Mills v. Unemployment Ins. Appeals Bd.* (1979) 92 Cal.App.3d 586, 597.)

Here, the trial court, which was exercising its independent judgment in making its determination regarding the DMV's decision, presumably determined that the evidence relating to appellant's conservatorship was relevant to the proceedings. Appellant has not argued or shown how the evidence was not relevant. He has therefore failed to show an abuse of discretion.

## DISPOSITION

The judgment is affirmed. DMV shall recover its costs on appeal.

_____
McGuiness, P.J.

We concur:

_____
Siggins, J.

_____
Jenkins, J.