Filed 10/29/15  Orange County Dept. of Child Supp. Serv. v. Gutierrez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| ORANGE COUNTY DEPARTMENT OF CHILD SUPPORT SERVICES,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>HECTOR GUTIERREZ,<br><br>    Defendant and Appellant. | G049878<br><br>(Super. Ct. No. 03FL105369)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Duane T. Neary, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Hector Gutierrez, in pro. per., for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie Weng-Gutierrez, Assistant Attorney General, Linda M. Gonzalez and Catherine A. Ongiri, Deputy Attorneys General, for Plaintiff and Respondent.

Hector Gutierrez appeals from an order denying a motion to modify his child support obligations. Because the record is inadequate to assess his claims of error, we affirm the order.

FACTS AND PROCEDURE

The record on appeal is sparse. It consists of a 10-page clerk's transcript containing three documents (not including the notice of appeal and notice designating the record on appeal) with a docket report, and a 20-page supplemental clerk's transcript containing three minute orders. There is no reporter's transcript.

The docket report and the three minute orders in the supplemental clerk's transcript reveal that in 2004 the Department of Child Support Services of Orange County (DCSS) began child support proceedings against Gutierrez. He was ordered to pay $262 per month in child support, which remains the current child support order.

The docket report indicates that on April 9, 2013, DCSS filed a motion for modification of child support. The motion is not in the record on appeal.

The three documents in the clerk's transcript are as follows. First, there is a two-page form document titled "Medical Information Verification Report," bearing a Superior Court filing stamp date of August 29, 2013 (the August Medical Report), with a physician's statement filled out indicating Gutierrez was temporarily disabled due to carpal tunnel syndrome surgery. Next, there is an August 29, 2013, minute order on the DCSS motion to modify child support. There was no court reporter at the hearing. The minute order states both parents were sworn and testified. It states the court had "a [D]iagnosis and [P]rognosis form" before it (presumably the August Medical Report), which was filed as a confidential document. The minute order states the court continued the hearing to October 9, 2013, and ordered Gutierrez to provide "an updated [D]iagnosis and [P]rognosis form completed by his treating physician for the next hearing." The last document is an October 9, 2013, minute order. It states there was no court reporter, and

2

both parents were sworn and testified.  The minute order states the court "reviews and returns Diagnosis and Prognosis form provided by [DCSS].  [¶]  Court finds lack of proof of the inability for [Gutierrez] to work.  [¶]  Court denies motion [regarding] modification.  [¶]  Court finds [Gutierrez's] testimony is not believable."  On March 24, 2014, Gutierrez, in propria persona, filed a notice of appeal from the October 9, 2013, minute order.[1]

## DISCUSSION

Gutierrez challenges the trial court's order denying the motion to modify support, which he states was brought by DCSS at his request because of his disability.  Because we do not have the motion itself in the record before us, we cannot determine what was being sought or why.  All that is known from our record is that DCSS filed a motion to modify child support, and that motion was denied.  Such a ruling rests in the trial court's discretion (*In re Marriage of Drake* (1997) 53 Cal.App.4th 1139, 1150-1151), and our review is limited to "determining whether the court's factual determinations are supported by substantial evidence and whether the court acted reasonably in exercising its discretion.  [Citation.]"  (*In re Marriage of de Guigne* (2002) 97 Cal.App.4th 1353, 1360.)

"It is well settled, of course, that a party challenging a judgment has the burden of showing reversible error by an adequate record.  [Citations.]"  (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575.)  "'"A judgment or order of the lower court is *presumed correct*.  All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.  This is

[1]    Respondent in this appeal is "the Public Interest," represented originally by the local child support agency, DCSS, which is the plaintiff in this child support proceeding, and currently by the Attorney General, on behalf of the State of California Department of Child Support Services under Family Code sections 17406 and 17407.  Although the supported child's mother is also party to this action (Fam. Code, § 17404, subd. (e)(1)), she has not appeared in this appeal.

not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error." [Citation.]' [Citations.] 'A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' [Citations.]" (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) "Failure to provide an adequate record on an issue requires that the issue be resolved against plaintiff." (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) The fact Gutierrez is representing himself on appeal does not alter the appellate burdens—a pro per litigant is held to the same restrictive procedural rules as an attorney. (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638.)

Gutierrez's challenge to the trial court's order rests on evidence that is not before us. Although both parents testified at the hearings, there is no reporter's transcript from either hearing. When there is no reporter's transcript of a hearing, we must assume evidence was taken which would support the trial court's decision. (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992 ["Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*. To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error"].) In passing, Gutierrez states "[p]rejudicial error was committed by the exclusion of a court reporter and any electronic voice recording of the hearings . . . ." But there is nothing in the recording indicating a court reporter was requested (or denied).

In apparent recognition of the inadequate record, Gutierrez has attempted to remedy the situation via three attachments to his opening brief. The first is a copy of the August Medical Report, which is already in the clerk's transcript. The second is another form "medical information and verification report" dated October 2, 2013, containing similar information to the August Medical Report, which is not in the record on appeal and is therefore an improper brief attachment. (Cal. Rules of Court, rule 8.204(d).)

4

Observing the attachment is most likely the "[D]iagnosis and [P]rognosis form" referred to by the trial court in its October 9, 2013, minute order, the Attorney General suggests that we might, in the interests of justice, accept it as additional evidence under Code of Civil Procedure section 909. But there is nothing on the document indicating it was filed in the Superior Court and no exceptional circumstances justify our receiving it as additional evidence. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3; *LaGrone v. City of Oakland* (2011) 202 Cal.App.4th 932, 946, fn. 6.) Moreover, even were the document properly before us, it does not alter our conclusion the lack of a reporter's transcript prevents Gutierrez from demonstrating an abuse of discretion. Finally, Gutierrez's opening brief has attached to it an "affidavit" by Gutierrez in which he purports to report what was said by the trial court at the August 29, 2013, hearing. The affidavit is neither an agreed statement (Cal. Rules of Court, rule 8.134) nor a settled statement (Cal. Rules of Court, rule 8.137), and is an improper brief attachment (Cal. Rules of Court, rule 8.204(d)), which we disregard.

In sum, the lack of an adequate record on appeal compels us to conclude the order denying the motion to modify Gutierrez's child support was supported by substantial evidence and was not an abuse of discretion. We need not, therefore, address the Attorney General's arguments concerning the many defects in Gutierrez's briefs, including his failure to include any record references or to cite any legal authorities in support of his contentions. (Cal. Rules of Court, rule 8.204.)

There are some additional vague complaints we are able to glean from Gutierrez's opening brief that bear mentioning. First, Gutierrez complains the trial court erred by excluding evidence of his disability. The only evidence he refers to is the August Medical Report and the October report improperly attached to his brief, both of which have been discussed. Gutierrez does not suggest what other evidence was offered or excluded by the trial court.

5

Gutierrez also argues his constitutional rights were violated by the trial court's "theft and conversion" of his private medical information contained in the August Medical Report. We gather he believes the trial court improperly kept the report and filed it as a confidential court filing, rather than returning it to him. Because Gutierrez offers no legal authority for his contention the document was not properly filed as part of the court record, we decline to consider it further. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784-785 [when appellant raises issue "but fails to support it with reasoned argument and citations to authority, we treat the point as waived"].)

Finally, for the first time in his reply brief, Gutierrez attempts to raise additional arguments. One pertains to whether the Superior Court judges' receipt of supplemental employment benefits from the County of the Orange disqualifies them (and appellate court justices who once sat on the Superior Court) from considering child support proceedings in which DCSS is a party. The other pertains to whether he was advised of his right to object to the court commissioner acting as temporary judge on the modification motion, and whether he in fact did object (the minute orders from both hearings state the parties were advised and did not object). We do not consider arguments raised for the first time in a reply brief. (*Mansur v. Ford Motor Co.* (2011) 197 Cal.App.4th 1365, 1387-1388.)

DISPOSITION

The order is affirmed.


O'LEARY, P. J.

WE CONCUR:


RYLAARSDAM, J.


6

MOORE, J.