[No. A095457. First Dist., Div. Four. July 3, 2002.]

GORDON GEE et al., Plaintiffs and Respondents, v.
AMERICAN REALTY & CONSTRUCTION, INC., et al., Defendants and
Appellants.

## COUNSEL

Law Offices of Mattaniah Eytan, Mattaniah Eytan and Eric Schenk for Defendants and Appellants.

Kass & Kass Law Offices and Bradley Kass for Plaintiffs and Respondents.

## OPINION

**KAY, P. J.**—On May 21, 2002, this court filed the following opinion:

"On July 9, 2001, this court affirmed a summary judgment and an order for costs and contractual attorney fees of $99,496.13 awarded to defendants, who were sued for fraud and breach of contract by plaintiffs, the buyers of parcels in a planned subdivision. (*Gee v. American Realty & Construction, Inc.* (July 9, 2001, A090121) [nonpub. opn.].) During the pendency of that appeal, defendants recorded abstracts of the judgment on plaintiffs' parcels and noticed a 'Motion for Order Allowing Judgment Creditor to File Abstract of Judgment with Recorders' Office.' The trial court denied the motion and ordered that the abstracts 'shall be released.' Defendants filed a timely notice of appeal.

"The judgment and order awarding defendants costs and contractual attorney fees would be automatically stayed on appeal without the necessity of an undertaking. (See Code Civ. Proc., §§ 916, subd. (a), 917.1, subd. (d), 917.9,

subd. (a)(3); *Bank of San Pedro v. Superior Court* (1992) 3 Cal.4th 797, 800-801 [12 Cal.Rptr.2d 696, 838 P.2d 218].) The major point argued by defendants in their briefs is that Code of Civil Procedure section 674 used to forbid the recording of abstracts of stayed judgments but was amended in 1983 to remove that proscription. Thus, defendants claim they had an absolute right to file the abstract. Whether a 1983 amendment justifies defendants' position is a matter we do not reach. (See Stats. 1982, ch. 497, § 39, pp. 2157-2158; Stats. 1980, ch. 1281, § 2, pp. 4326-4327; *Industrial Indemnity Co. v. Levine* (1975) 49 Cal.App.3d 698, 699-700 [122 Cal.Rptr. 712].) We find a more elemental issue to be dispositive.

"The undeniable fact is that defendants asked the trial court to exercise its discretion under Code of Civil Procedure section 917.1 to allow the filing of the abstracts, which defendants had already filed. Defendants are now in the position of arguing that their motion was essentially pointless, in that the trial court had no authority to deny it. Defendants conceded as much at oral argument, stating that going to the Commissioner was probably a mistake. 'When, as here, the court has jurisdiction of the subject, a party who seeks or consents to action beyond the court's power as defined by statute or decisional rule may be estopped to complain of the ensuing action [as being] in excess of jurisdiction.' (*In re Griffin* (1967) 67 Cal.2d 343, 347 [62 Cal.Rptr. 1, 431 P.2d 625].) The basis for the estoppel is that ' "[t]o hold otherwise would permit the parties to trifle with the courts." ' (*Id.* at p. 348, quoting *City of Los Angeles v. Cole* (1946) 28 Cal.2d 509, 515 [170 P.2d 928].) This principle is now well established and widely applied. (E.g., *Conservatorship of Kevin M.* (1996) 49 Cal.App.4th 79, 91-92 [56 Cal.Rptr.2d 765]; *Law Offices of Stanley J. Bell v. Shine, Browne & Diamond* (1995) 36 Cal.App.4th 1011, 1022-1023 [43 Cal.Rptr.2d 717]; *Adoption of Matthew B.* (1991) 232 Cal.App.3d 1239, 1268-1269 [284 Cal.Rptr. 18]; *People v. Jones* (1989) 210 Cal.App.3d 124, 135-137 [258 Cal.Rptr. 294].) It is appropriately applied here. Defendants are not claiming that the trial court lacked jurisdiction in the most fundamental sense that is 'an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.' (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288 [109 P.2d 942, 132 A.L.R. 715].) They are belatedly challenging the result generated by the procedure they initiated with their motion. If we accepted the argument defendants now advance, and reversed the order denying their motion, we would in plain effect be reversing the trial court for a ruling defendants now say it—the trial court—should never have been asked to make. The trial court finds itself in this no-win Catch-22 situation only at defendants' insistence. It would be hard to imagine a clearer example of trifling with the courts.

"The order is affirmed. Costs to respondents."

Defendants petitioned for rehearing, claiming that we had misread *In re Griffin*, *supra*, 67 Cal.2d 343 (*Griffin*), and decided the appeal on an issue not raised by the parties. We granted rehearing and allowed the parties to file supplemental briefs. To our previous opinion we add the following:

Defendants continue to maintain that we have misconstrued *Griffin*. The issue in *Griffin* was a prison commitment made after probation had been revoked, even though the term of probation had expired. The Supreme Court noted in its opinion: "Although the order revoking probation could have been reviewed on an appeal from the ensuing judgment [citation], petitioner did not appeal. Instead, after having applied unsuccessfully for habeas corpus in the courts below, he now seeks the writ in this court." (*Griffin*, *supra*, 67 Cal.2d 343, 345-346.) ■ Defendants read this language as indicating that the Supreme Court's subsequent discussion of the estoppel principle is implicitly confined to collateral attacks, not to a direct attack on appeal such as defendants are making. There is no logical reason why the principle should be so limited and nothing in *Griffin* suggests as much. On the contrary, several of the decisions cited in *Griffin* involve direct appeals (*Hoshour v. County of Contra Costa* (1962) 203 Cal.App.2d 602, 605 [21 Cal.Rptr. 714]; *Phillips v. Beilsten* (1958) 164 Cal.App.2d 450, 457 [330 P.2d 912]; *Munns v. Stenman* (1957) 152 Cal.App.2d 543, 557-558 [314 P.2d 67]). One of those decisions quotes this excerpt from the first edition of Witkin's treatise on California Procedure: " 'There seems to be substantial authority for the proposition that a party who has invoked or consented to the exercise of jurisdiction beyond the court's authority may be precluded from challenging it afterwards, *even on a direct attack by appeal*.' " (*Munns v. Stenman*, *supra*, at p. 558, italics added.) The current edition of Witkin has the same statement. (2 Witkin, Cal. Procedure (4th ed. 1996) Jurisdiction, § 324, p. 900.) We do not believe the estoppel principle stated in *Griffin* was either misperceived or misapplied in our previous opinion.

Although most of defendants' supplemental brief is given over to the *Griffin* issue, they appear to back off with this argument: "Defendants have not questioned the trial court's power to rule on the issue of whether abstracts could be recorded while a judgment for costs and fees was on appeal. Moreover, even if the trial court did *not* have jurisdiction, having invoked the trial court's jurisdiction, defendants acknowledge that they have waived the right to challenge jurisdiction. Hence, this appeal has *nothing* to do with the trial court's jurisdiction (or lack of jurisdiction). Instead, the issue is whether the trial court ruled correctly that defendants could not record abstracts of judgment while an appeal was pending." In conceding they are no longer challenging the trial court's jurisdiction, defendants must also logically concede the court's jurisdiction to decide defendants' motion

including the jurisdiction to decide it wrongly. (E.g., *Portnoy v. Superior Court* (1942) 20 Cal.2d 375, 378 [125 P.2d 487]; *Lacks v. Lacks* (1976) 41 N.Y.2d 71 [390 N.Y.S.2d 875, 359 N.E.2d 384, 387]; *State v. Jameson* (1963) 80 S.D. 362 [123 N.W.2d 654, 657]; *State v. Superior Court for King County* (1961) 58 Wash.2d 162 [361 P.2d 643, 644]; *In re Johnson's Estate* (1957) 180 Kan. 740 [308 P.2d 100, 106].) ▮ The question then becomes whether the defendants have sustained their burden on appeal to show error. They have not.

The caption of defendants' motion stated that defendants were seeking an "order allowing judgment creditor to file abstract of judgment with recorder's office as a form of security pursuant to CCP § 917.1." In their supporting papers defendants stated that Code of Civil Procedure section 917.1 "as well as § 917.9 contemplate that the trial court may, in its discretion, and upon motion, require an 'undertaking' [¶] . . . [¶] Strictly speaking, leave to record an abstract of judgment does not comprise the 'undertaking' contemplated by the statute, because the statute contemplates a money undertaking. . . . [¶] A cash undertaking would obviously represent the greater remedy. Accordingly, leave to record an abstract of the judgment represents a more minor form of security proposed by the judgment creditor."

" 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citation]" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193]; accord, *Walling v. Kimball* (1941) 17 Cal.2d 364, 373 [110 P.2d 58]; 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 349, p. 394.) "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." (*Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9 [263 Cal.Rptr. 104]; accord, *Estrada v. Ramirez* (1999) 71 Cal.App.4th 618, 620, fn. 1 [84 Cal.Rptr.2d 73].) The record is silent. Defendants have not provided a reporter's transcript of the hearing at which their motion was denied. It is conceivable that, having denied a previous motion by defendants to require plaintiffs to post an undertaking, the trial court may have been vexed to see something like the same motion presented again. So long as such possible grounds may exist for the trial court to have denied defendants' motion in the exercise of its discretion, defendants have not sustained their burden as appellants to demonstrate error, thus overcoming the presumption of correctness attending the order denying their motion. Our disposition thus remains as in our original opinion:

The order is affirmed. Costs to respondents.

Reardon, J., and Rivera, J., concurred.

Appellants' petition for review by the Supreme Court was denied September 11, 2002.