Filed 12/10/13  Alfaro v. Grayton CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| MARIA ALFARO,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>MAURICE GRAYTON,<br><br>　　　Defendant and Appellant. | D063265<br><br><br><br>(Super. Ct. No. 37-2012-00086598-<br>　CU-HR-CTL) |


APPEAL from a judgment of the Superior Court of San Diego County, Joan P. Weber, Judge.  Affirmed.

Maurice Grayton, in pro. per., for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Maurice Grayton appeals from a three-year civil harassment restraining order requiring him to stay away from Maria Alfaro.[1]  He argues there is insufficient evidence to support the order, and his due process and constitutional rights were violated in the issuance of the order.  We reject his contentions and affirm.

---

[1]    Alfaro has not filed a respondent's brief on appeal.

BACKGROUND

In this appeal, appellant Grayton (representing himself) has not filed a reporter's transcript or settled statement setting forth the evidence presented to the trial court at the hearing on the restraining order. As we shall explain below, the absence of this information restricts our ability to review appellant's contentions.

The record on appeal includes the trial court's order granting Alfaro's request for a civil harassment restraining order against appellant. The restraining order was granted on January 3, 2013, and expires on January 3, 2016. (Code of Civ. Proc., § 527.6.) The order states that Alfaro and appellant represented themselves at the hearing, and Alfaro's niece (Leslie Peralta) served as a Spanish interpreter for Alfaro. Alfaro and appellant testified at the hearing, and Alfaro submitted into evidence phone text messages. Appellant was ordered to stay 100 yards away from Alfaro; not to have any contact with her, including by phone or message; not to harass, stalk, threaten, or assault her; and not to destroy her property. The order prohibits appellant from acquiring a gun and requires him to dispose of any guns he owns.

The court denied appellant's cross-petition, stating there was "not sufficient provocation for the threats that [appellant] made in the text messages" to Alfaro.

DISCUSSION

I. *Substantial Evidence*

Appellant asserts the court erred in issuing the restraining order because there is insufficient evidence to support a finding that he threatened Alfaro with physical violence. He contends the statements he made to Alfaro were mere words that carried no

2

imminent threat of physical force; his words were protected free speech; and Alfaro's evidence was not properly authenticated.

On appellate review of a trial court's order, we are required to resolve all factual conflicts and questions of credibility in favor of the prevailing party and draw all reasonable inferences in favor of the order. (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762.) Further, we must presume the trial court's order is correct, and the appellant has the burden to provide an adequate record to overcome this presumption. (*Gee v. American Realty & Construction, Inc*. (2002) 99 Cal.App.4th 1412, 1416.)

Here, appellant did not provide a reporter's transcript or a settled statement that would reflect what evidence was presented and considered at the hearing. (See Cal. Rules of Court, rule 8.137(a)(2)(B) [settled statement may be used if hearing was not reported].) "[I]n the absence of a record of the evidence received at the hearing it will be presumed that the trial court acted duly and regularly and received substantial evidence to support its findings." (*Stevens v. Stevens* (1954) 129 Cal.App.2d 19, 20.) Accordingly, an appellant who challenges an order without supplying a reporter's transcript or settled statement of the proceedings cannot prevail on a challenge to the sufficiency of the evidence. (*Estate of Fain* (1999) 75 Cal.App.4th 973, 992; *Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003.)

The record on appeal includes the court's order granting the restraining order, and several other documents filed in court, including appellant's response to Alfaro's request for a restraining order; a request for and notice of a new hearing date; a motion in limine filed by appellant; and a complaint filed by appellant in small claims court. None of

3

these documents contains a full exposition of the evidence presented at the hearing on the restraining order. Accordingly, we are unable to meaningfully consider appellant's substantial evidence challenges, and must presume the order is supported by the evidence presented at the hearing.

## II. *Due Process and Constitutional Rights*

Appellant raises numerous arguments to support his claims that his due process and constitutional rights were violated by the issuance of the restraining order. He contends the court erred in its rulings on his motion in limine and request for discovery from Alfaro's employer, which would have allowed him to obtain exculpatory evidence and to prevent Alfaro from presenting prejudicial evidence. Although appellant has included some of *his pleadings* concerning these matters in the appellate record, he has not provided an appellate record reflecting what the court considered when ruling on his submissions. Absent this information, we must presume the court acted reasonably and correctly without violating appellant's rights. (*Stevens v. Stevens, supra*, 129 Cal.App.2d at p. 20.)

Appellant asserts his rights were violated because the court failed to give him notice and advisements concerning his legal rights and the consequences of its order, and the court allowed Alfaro's niece to act as Alfaro's interpreter. Again, because the appellate record does not show what transpired at the hearing, we cannot meaningfully review these claims and must assume the court acted properly.

Appellant argues that he had a right to a jury trial at the hearing on Alfaro's restraining order request. The contention is unavailing. The constitutional right to a jury

4

trial applies to actions at law, but not to actions in equity such as a request for a restraining order.  (See *People v. Englebrecht* (2001) 88 Cal.App.4th 1236, 1245.)

Appellant has not shown error in the trial court's granting of the restraining order.

DISPOSITION

The order is affirmed.  Appellant to bear costs on appeal.

HALLER, J.

WE CONCUR:

McCONNELL, P. J.

McINTYRE, J.