Filed 8/13/14  Aponte v. America CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| **JOHN RAFAEL APONTE,**<br><br>    **Plaintiff and Appellant,**<br><br>    **v.**<br><br>**BANK OF AMERICA,**<br><br>    **Defendant and Respondent.** | **A140805**<br><br>**(San Francisco County<br>Super. Ct. No. CGC12523901)**<br><br>**ORDER CORRECTING<br>OPINION**<br><br>**[NO CHANGE IN JUDGMENT]** |

THE COURT:

The opinion filed on August 11, 2014, is corrected as follows:

The Super. Ct. No. CGC1313000 should be deleted and replaced with CGC12523901.

This modification does not affect the judgment.

Dated:_____        _____, P.J.

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| JOHN APONTE,<br><br>      Plaintiff and Appellant,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>      Defendant and Respondent. | A140805<br><br>(San Francisco County<br>Super. Ct. No. CGC1313000) |

Plaintiff John Aponte (Aponte), representing himself, appeals from a summary judgment entered in favor of defendant Bank of America, N.A. (Bank). (Code Civ. Proc., § 437c.) We affirm.

## I. BACKGROUND

The record on appeal contains the motion for summary judgment and supporting declaration filed by Bank, but does not contain a copy of Aponte's complaint or his opposition to the motion for summary judgment, which is referenced in the register of actions for the case.[1] Accordingly, our rendition of the facts and procedural history is taken from the summary judgment motion itself.

---

[1] Aponte titled his opposition "Memorandum of Points and Authorities in Support of Vacating Defendant's Motion for Summary Judgment."

1

Aponte is a state prison inmate. He sued Bank for negligence and an unspecified intentional tort relating to an inmate trust account allegedly held by Bank. Bank filed a motion for summary judgment on the ground it was not the holder of the account and had no relationship to the account.

In support of its motion for summary judgment, Bank presented the declaration of Brian Blake, a vice president and senior operations consultant employed by Bank, stating: (1) he was familiar with the electronic record system used by Bank to create and store information pertaining to customer accounts; (2) the records were created and maintained in the regular course of business and were relied upon by Bank in the ordinary course of its business; (3) he had searched Bank's electronic record-keeping system using the names "John Rafael Aponte," "John Aponte," "John Laponte," and "John Rafael Laponte," and had also searched using Aponte's Social Security number and the account number referenced by Aponte; (4) based on this search, he had determined no account held by Bank is associated with that information; (5) he had reviewed checks attached to Aponte's complaint which contained a Bank stamp endorsement indicating the payees were Bank customers, but those stamps did not indicate Aponte had an account at Bank; and (6) Bank did not have any relationship with inmate trust accounts.

The trial court granted the motion and entered judgment in favor of Bank.

## II. DISCUSSION

We review an order granting a motion for summary judgment de novo, applying the same three-step analysis used by the trial court. (*WRI Opportunity Loans II, LLC v. Cooper* (2007) 154 Cal.App.4th 525, 531.) First, we identify the issues framed by the pleadings. (*Ibid.*) Second, we determine whether the moving party has made a prima facie showing of facts negating the opponent's claim. (*Ibid.*) Third, we determine whether the opposing party has raised a triable issue of fact. (*Ibid.*)

A judgment of the trial court is presumed to be correct, and it is the appellant's burden to affirmatively show error by an adequate record. (*Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435.) " '[I]f the record is inadequate for meaningful review, the

appellant defaults and the decision of the trial court should be affirmed.' " (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)  A self-represented party is not excused from adhering to the rules of appellate procedure. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

Here, the record is not sufficient for meaningful de novo appellate review of the order granting summary judgment.  It does not contain Aponte's complaint, which is necessary to identify the issues framed by the pleadings, nor does it contain the opposition filed by Aponte, which is necessary to determine whether he raised a triable issue of fact regarding those issues.

### III.  DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to Bank.


_____
NEEDHAM, J.


We concur.


_____
JONES, P.J.


_____
SIMONS, J.

3