Filed 10/15/15  Chapple v. Simmons CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| WILLIAM J. CHAPPLE,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>EDGAR H. SIMMONS,<br><br>        Defendant and Respondent. | A144261<br><br>(Contra Costa County<br>Super. Ct. No. MSC1302005)<br><br>ORDER MODIFYING OPINION<br>AND DENYING REHEARING<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the written opinion filed on September 28, 2015, is modified by changing the date in the first sentence of the second paragraph under I. FACTUAL AND PROCEDURAL BACKGROUND from September 9, 2012 to September 6, 2012.

This modification does not change the judgment.  (Cal. Rules of Court, rule 8.264(c)(2).)  The petition for rehearing is denied.


Dated:_____          _____P.J.

1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| WILLIAM J. CHAPPLE,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>EDGAR H. SIMMONS,<br><br>        Defendant and Respondent. | A144261<br><br>(Contra Costa County<br>Super. Ct. No. MSC1302005) |

Plaintiff William Chapple, appearing in propria persona, appeals from a judgment entered against him after a bench trial on his claims against defendant Edgar Simmons. Chapple sued Simmons, a process server, alleging that Simmons's failure to serve and file documents in a separate action brought by Chapple resulted in that action's dismissal. On appeal, Chapple challenges the trial court's determination that he failed to establish Simmons's liability and the court's "application of the law of contributory negligence." As Chapple has failed to provide a record sufficient to evaluate the court's ruling or any cogent legal arguments in support of his claims, we affirm.

I.
FACTUAL AND PROCEDURAL
BACKGROUND

In September 2013, Chapple brought this suit against Simmons and Stephen Weir, the former Clerk-Recorder of Contra Costa County.[1]  The complaint alleged 14 causes of

---

[1] The trial court sustained the demurrer of the subsequent Clerk-Recorder, Joseph Canciamilla, and the Clerk-Recorder is not a party to this appeal.

action,[2] most under various provisions of the Business and Professions Code that govern registration requirements for process servers. (See generally Bus. & Prof. Code, § 22350 et seq.)

The complaint alleges that on September 9, 2012, Chapple met with Simmons and asked him to file and serve various documents from a wrongful-eviction action Chapple had previously filed in Alameda County, *Chapple v. Udinsky* (Super. Ct. Alameda County, 2012, No. RG11572749) (*Udinsky*). A case management order attached to the complaint shows that in July 2012, the *Udinsky* trial court found that Chapple had failed timely to serve the complaint on certain defendants or file a proof of service and ordered Chapple to show cause why that action should not be dismissed. Simmons then allegedly agreed to serve and file the relevant documents in *Udinsky*, accepted $305 in payment, and issued an invoice, but he failed to perform the promised services, resulting in *Udinsky*'s dismissal

After the trial court here overruled Simmons's demurrer to the complaint, a one-day bench trial took place in October 2014. The minute order from the trial indicates that the parties, who both appeared in propria persona, were "sworn and examined," the court "hear[d] argument of each side and [took] the hearing under submission," and Chapple gave "a copy of the invoice"—an apparent reference to the invoice Simmons gave Chapple in September 2012—to the court. (Capitalization omitted.) No reporter's transcript from this hearing has been provided, and there is no indication that any evidence other than the parties' testimony and the invoice was introduced at trial.

As no statement of decision was requested, the trial court issued a brief ruling after trial that stated, "Plaintiff has failed to meet his burden of proof as to liability. The court finds that he shall take nothing by way of this action." Judgment against Chapple was entered in January 2015.

---

[2] The beginning of the complaint lists 20 causes of action but makes allegations in support of only 14 of them.

## II.

### DISCUSSION

Chapple's failure to provide a reporter's transcript from the trial is fatal to his claims. " 'It is the duty of an appellant to provide an adequate record to the [appellate] court establishing error. Failure to provide an adequate record on an issue requires that the issue be resolved against [the] appellant. [Citation.]' [Citation.] This principle stems from the well-established rule of appellate review that a judgment or order is presumed correct and the appellant has the burden of demonstrating prejudicial error." (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.) Chapple's briefing purports to summarize certain trial testimony, but without a transcript to reveal what the parties' testimony actually was, we cannot evaluate whether the trial court correctly determined that Simmons was not liable. Moreover, the minute order and the court's brief decision after trial do not mention anything about contributory negligence, and we do not know what the court's reasoning on this issue was. Although we appreciate that Chapple is representing himself, the same standards that apply to attorneys apply to him. (*County of Orange v. Smith* (2005) 132 Cal.App.4th 1434, 1444.) Given the absence of an adequate record, we must presume the judgment is correct. (See, e.g., *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296; *Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)

Moreover, Chapple has not made any cogent legal arguments in support of his claims. " 'Appellate briefs must provide argument and legal authority for the positions taken. "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." ' " (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956.) Although he makes cursory assertions that Simmons violated various statutes, Chapple does not explain how the evidence demonstrates Simmons's liability or address how the trial court erred in applying the concept of contributory negligence. As a result, even if we had a sufficient record to evaluate, Chapple has failed to identify any adequate basis on which the judgment should be reversed.

## III.
### DISPOSITION

The judgment is affirmed.  Simmons is awarded his costs on appeal.

_____
Humes, P.J.

We concur:


_____
Margulies, J.


_____
Banke, J.