Filed 6/30/16  Li v. Chiu CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CHARLES LI,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>THAI MING CHIU et al.,<br><br>        Defendants and Appellants. | A145509<br><br>(City & County of San Francisco<br>Super. Ct. No. CGC-14-537574) |

Defendants Thai Ming Chiu and Kaman Liu (defendants) appeal from an order awarding $8,425 to plaintiff Charles Li (plaintiff) as discovery sanctions.  Defendants contend the award is unreasonable and arbitrary because it exceeds the amount requested by plaintiff in a sanctions motion.  They also claim that sanctions are unwarranted under the circumstances.

We conclude the trial court did not abuse its discretion in awarding monetary sanctions for discovery abuses.  Further, the challenged order includes rulings in favor of plaintiff on *two* separate discovery motions—a motion for sanctions filed by plaintiff *and* a motion to compel filed by one of the defendants.  When the record associated with both motions is taken into account, there is factual support for the amount of the sanctions award.  Accordingly, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

The discovery dispute giving rise to this appeal has its origin in an effort by plaintiff to enforce a judgment against Demas Yan, an attorney whom plaintiff had sued for legal malpractice and breach of fiduciary duty, among other claims.  (See *Li v. Yan*

1

(2016) 247 Cal.App.4th 56, 62.) A second amended judgment against Yan awarded plaintiff $552,412.30, inclusive of prejudgment interest. (*Id.* at p. 62.)

Through efforts to enforce the judgment, plaintiff learned that Yan had transferred rental property he owned in San Francisco (the San Francisco rental property) to a wholly owned limited liability company (LLC) in 2007, even though Yan had an active bankruptcy case at the time. According to plaintiff, after the trial against Yan had commenced in 2012, Yan transferred his ownership interest in the LLC to his mother and defendants, who are Yan's brothers-in-law. The transfer was purportedly undertaken to repay debts Yan owed to these relatives. Then, in November 2013, after the court issued an order for the LLC to appear for an examination in connection with enforcement of the judgment, the San Francisco rental property was transferred yet again to a newly formed LLC owned by the same individuals who owned the LLC that transferred the property.

After plaintiff learned of these transactions involving the San Francisco rental property, which he interpreted as efforts by Yan to protect his main asset from being used to satisfy the judgment against him, plaintiff filed a separate action in February 2014 for fraudulent transfer against Yan, Yan's parents, the two LLCs, and the two individuals who are parties to this appeal—Yan's brothers-in-law, defendants Thai Ming Chiu and Kaman Liu.[1] Yan appeared as an attorney for defendants in the trial court and is their counsel of record in this appeal, which arises out of the fraudulent transfer action.

Plaintiff served discovery requests upon defendants in April 2014. Among other things, plaintiff sought documents related to the San Francisco rental property that evidenced mortgages, liens, loans secured by the property, rental agreements, and rent payments. The documents sought by plaintiff would tend to show who exercised control over the San Francisco rental property or derived ownership benefits from it, and thus would bear upon whether the various transfers of the property were structured to keep the San Francisco rental property out of the reach of judgment creditors while maintaining

---

[1]Yan, Yan's parents, and the two LLCs are not parties to this appeal.

2

Yan's equitable ownership in the property. Defendants responded solely with objections to the discovery requests.

Following efforts to meet and confer, plaintiff moved to compel defendants to produce documents and to answer interrogatories. A pro tem judge heard the motion in August 2014. Because plaintiffs did not consent to have the judge pro tem decide the motion, the pro tem judge issued a detailed report and recommendation to the trial court. The pro tem judge's recommendation called for defendants to produce virtually all of the requested documents, including those related to rents and mortgages. The pro tem judge also recommended that the court award $3,500 in monetary sanctions to plaintiff. The pro tem judge reasoned that defendants' position in the discovery dispute was not substantially justified and that, in his opinion, they were "just out to stonewall and be obstructive for as long as they can get away with it." In November 2014, the trial court entered an order adopting the pro tem judge's report and recommendation in its entirety.

Defendants served amended discovery responses in early December 2014, although they produced no documents at the time. According to plaintiff, the amended discovery responses included objections that had not been raised previously. Defendants ultimately produced a set of documents in late December 2014. They were the first documents produced by defendants in response to the April 2014 discovery requests.

Upon review of the documents, plaintiff came to the conclusion that the document production was deficient and omitted highly relevant documents that plaintiff had uncovered through independent research. Accordingly, in late January 2015, plaintiff filed a motion for sanctions against defendants. Plaintiff asserted that sanctions were warranted because defendants had willfully disobeyed the court's November 2014 order granting plaintiff's motion to compel by failing to produce all documents required to be turned over, by providing false and evasive supplemental responses, and by continuing to make unmeritorious objections that had been overruled previously by the court. Among other things, plaintiff argued that the production of mortgage-related documents, bank statements, rental agreements, and rent checks were conspicuously incomplete. Plaintiff sought terminating sanctions or, in the alternative, issue sanctions or monetary sanctions.

3

As support for monetary sanctions, plaintiff's counsel included a declaration seeking $4,200 as attorney fees for pursuing the sanctions motion.

About one week after plaintiff filed his sanctions motion, defendant Chiu filed his own motion to compel against plaintiff. In opposition to the motion, plaintiff argued that the documents defendant Chiu sought were already in his possession or were equally available to him from public sources. Plaintiff also contended that counsel for defendant Chiu had failed to discharge his obligation to meet and confer before filing the motion. Plaintiff's counsel sought monetary sanctions of $4,250 against defendant Chiu for unsuccessfully making a motion to compel. Plaintiff's counsel included a declaration setting forth the basis for seeking $4,250 in attorney fees to oppose the motion to compel. Therefore, plaintiff's counsel sought a total of $8,450 as monetary sanctions for pursuing plaintiff's sanctions motion and for opposing defendant Chiu's motion to compel.

Plaintiff's motion for sanctions and defendant Chiu's motion to compel were heard jointly by a pro tem judge. Because defendants did not agree to have the pro tem judge decide the motions, the pro tem judge prepared a report and recommendation for the trial court. Defendant did not choose to include the pro tem judge's report and recommendation in the record on appeal. Nevertheless, we can gather from documents that are included in the record on appeal that the pro tem judge recommended imposing a $500 monetary sanction associated with plaintiff's sanctions motion. The pro tem judge apparently also recommended granting defendant Chiu's motion to compel as to four categories of documents. One of the contested issues raised in response to the pro tem judge's report and recommendation was whether defendants had an obligation to produce documents within their control, such as bank statements, even if they did not have the documents in their immediate possession.

At a hearing in early April 2015, the trial court tentatively denied defendant Chiu's motion to compel as moot and ordered defendants to produce numerous documents, including responsive records required to be obtained from defendants' financial institutions, or suffer terminating sanctions. The trial court expressed the view that $500 in monetary sanctions was "a drop in the bucket" and inadequate.

4

At a follow-up hearing in May 2015, the trial court considered whether defendants had complied with the order to produce further documents. Plaintiff's counsel stated that defendants had produced additional documents but that he believed there still was not full compliance with the order. Defendants' counsel took the position that they had complied with the order and produced all responsive documents. In response to the statement of defendants' counsel that he had been "bending over backwards to provide" the requested documents, the court disagreed, telling counsel "you must really be into yoga" to "bend and . . . stretch" for over a year without resolving the dispute. Upon taking the matter under submission, the court expressed that it was hesitant to grant terminating sanctions but stated it would grant monetary sanctions and would consider issue sanctions.

On June 10, 2015, the trial court entered an amended order addressing both plaintiff's motion for terminating sanctions and defendant Chiu's motion to compel. The court denied terminating and issue sanctions but awarded monetary sanctions. The court found that defendants had substantially complied with the requests for production but noted that defendants' eventual compliance was the result of "multiple motions and numerous hearings" beginning in June 2014. The order declared that defendant Chiu's motion to compel was moot. Plaintiff was awarded monetary sanctions in the amount of $8,425.[2] Defendants timely appealed the order awarding monetary sanctions.

## DISCUSSION

" 'We review the trial court's ruling on a discovery sanction under the deferential abuse of discretion standard. [Citation.]' [Citation.] 'A court's decision to impose a particular sanction is "subject to reversal only for manifest abuse exceeding the bounds of reason." ' " (*Doe v. United States Swimming, Inc.* (2011) 200 Cal.App.4th 1424, 1435.)

One of defendants' primary complaints on appeal is that the court awarded more in monetary sanctions than was requested by plaintiff. They claim plaintiff only

---

[2]On the same day the court issued its order awarding monetary sanctions, it also denied a defense motion seeking to impose sanctions against plaintiff pursuant to Code of Civil Procedure section 128.7. The court awarded monetary sanctions of $4,250 to plaintiff. That order and award of sanctions is not encompassed within this appeal.

requested $4,250 as monetary sanctions and that there is no factual basis to justify an award of $8,425. According to defendants, the award violates the rule that discovery sanctions must be limited to the opposing party's actual costs, including attorney fees. (See *In re Marriage of Niklas* (1989) 211 Cal.App.3d 28, 37.)

The problem with defendants' contention is that the challenged order encompasses not only plaintiff's motion for discovery sanctions but also defendant Chiu's motion to compel. Plaintiff sought $4,200 as reasonable attorney fees for pursuing his discovery sanctions motion and an additional $4,250 as reasonable attorney fees for opposing the motion to compel. A court may award attorney fees to a party that successfully opposes a motion to compel. (Code Civ. Proc., § 2031.300, subd. (c).) Thus, in awarding a total of $8,425 the trial court did not exceed the actual costs incurred by plaintiff and supported by attorney declarations.

Defendants contend the sanctions order is clear on its face that the $8,425 award is related solely to plaintiff's motion for sanctions. They point out that the order contains two separate paragraphs, one of which addresses plaintiff's motion for sanctions and one of which addresses defendant Chiu's motion to compel. The award of $8,425 is included in the first paragraph addressing the sanctions motions, whereas the second paragraph simply states that the motion to compel "is moot." Defendants interpret the court's disposition of the motion to compel to mean that there was no prevailing party and thus no basis to impose monetary sanctions.

Defendants' proposed interpretation of the challenged order violates the principle of appellate review dictating that we presume the correctness of the trial court's ruling and indulge " '[a]ll intendments and presumptions . . . to support it on matters as to which the record is silent . . . .' " (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.) While the order is susceptible to being interpreted in the manner suggested by defendants, that is not the only reasonable interpretation of the order. It is equally plausible that the court simply stated the total amount of monetary sanctions associated with both motions in the first paragraph of the order. Nothing in the court's order affirmatively demonstrates or clarifies that the sanctions award relates

6

solely to plaintiff's sanctions motion. Further, the disposition of the motion to compel as moot is consistent with a denial of the motion, even if the court did not specifically use the word "denied," because the end result was that the court did not award any affirmative relief to defendant Chiu. Indeed, when the court announced its tentative ruling in open court, it stated that it intended to *deny* the motion as moot.

Defendants' proposed interpretation of the order fails for the additional reason that they did not provide this court with a record adequate to assess their claims of error, at least with respect to defendant Chiu's motion to compel. A fundamental corollary to the rule providing that error must be affirmatively shown is that " 'if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' " (*Gee v. American Realty & Construction, Inc., supra,* 99 Cal.App.4th at p. 1416.) Here, even though the challenged order plainly encompasses two motions, defendants did not provide this court with a record related to the motion to compel. We have a limited record related to the motion to compel but only because plaintiff provided those limited portions to us. This record is inadequate to support defendant's proposed interpretation of the court's sanctions order. Specifically, the record does not compel a conclusion that the award of monetary sanctions was limited to plaintiff's motion for discovery sanctions.

Defendants also contend that it was an abuse of discretion to award monetary sanctions in *any* amount.[3] They advance a number of arguments, none of which has merit. First, they contend that, if plaintiff felt that defendants had not adequately complied with the November 2014 order compelling the production of documents, then the proper recourse was for plaintiff to file a renewed motion to compel. Defendants are mistaken. A party is not required to file a renewed motion to compel when the other party has failed to comply with a court order compelling the production of documents.

---

[3]Defendants do not challenge the propriety of the sanctions amount associated with defendant Chiu's motion to compel, other than to argue that sanctions were unauthorized because there was no prevailing party. As explained above, we reject defendants' claim that the court neither granted nor denied the motion.

7

Instead, the Code of Civil Procedure authorizes a court to impose sanctions upon the violation of any single order compelling a party to comply with discovery requests. (Code Civ. Proc., § 2031.300, subd. (c).) Plaintiff was justified in bringing his motion for sanctions in light of defendants' failure to comply with the earlier order compelling defendants to produce documents.

Defendants further argue that it is unfair to place the blame for any delay in compliance upon them. They assert that there was a legitimate dispute about their obligation to produce bank records that were not actually in their possession, and they claim it was necessary to secure a stipulated protective order to address privacy concerns. But these concerns—even if legitimate—do not necessarily justify the lengthy delay in obtaining the requested documents.

Although the court acknowledged in its written order that defendants had "substantially complied" with the requests for production, it also noted that their eventual compliance only followed after "multiple motions and numerous hearings . . . ." The court expressly disagreed with the statement of defendants' counsel that they had been "bending over backwards" to comply with discovery requests and suggested that defendants had, without adequate justification, managed to stretch the proceedings out for over one year. Under the circumstances, we discern no abuse of discretion in awarding monetary sanctions for defendants' persistent refusal to produce the requested documents and to comply with the court's discovery orders.

## DISPOSITION

The June 10, 2015 order awarding monetary sanctions in the amount of $8,425 is affirmed. Plaintiff shall be entitled to recover his costs on appeal.

8

                        _____

                        McGuiness, P.J.

We concur:


_____

Pollak, J.


_____

Jenkins, J.


A145509

9