Filed 9/7/22  Firsov v. Babichev CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| SERGEY FIRSOV,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>YEVGENIY BABICHEV et al.,<br><br>    Defendants and Respondents. | H048500<br>(Santa Clara County<br>Super. Ct. No. 19-CV-345499) |

The trial court dismissed under Code of Civil Procedure section 425.16 (the anti-SLAPP law) one of the causes of action in appellant Sergey Firsov's lawsuit.  Firsov contends the dismissal was improper and also challenges the related attorney fee awards to the prevailing parties.  As we will explain, Firsov has not shown the trial court made any legal error, and we will therefore affirm the orders.

## I.  BACKGROUND

The record does not contain the complaint, the anti-SLAPP special motion to strike, or Firsov's opposition to the motion, so we derive most of the background information from the order granting the anti-SLAPP motion.

Firsov sued the lawyer who represented his wife in divorce proceedings and the person who served as a Russian language translator for the lawyer.  Firsov alleged an intentional tort cause of action, based on what he says is a false English translation of an email in Russian.  The email in question is from Firsov to his wife and contains the Russian word "mochit" in reference to his wife's lawyer.  When she learned of the email,

1

the lawyer petitioned for a civil harassment restraining order against Firsov.  In support of the petition, she included a declaration from the translator indicating the word "mochit" means "to kill" in Russian.  The lawyer was successful in obtaining a restraining order; Firsov then sued both the lawyer and the translator.  (The complaint apparently contains other causes of action against other defendants; we cannot discern the nature of those claims from the record in this appeal.)

The translator moved to strike the cause of action against him under the anti-SLAPP statute, which provides a mechanism for speedy resolution of actions found to have been "brought primarily to chill the valid exercise" of free speech rights.  (Code Civ. Proc. § 425.16, subd. (a).)  Finding that the cause of action arose from protected activity (writings in connection with litigation) and that Firsov had not shown a probability of success on the merits, the trial court granted the motion.  The lawyer who represented Firsov's wife also achieved dismissal of a cause of action under the anti-SLAPP law.  Those defendants moved for attorney fees under Code of Civil Procedure section 425.16, subdivision (c)(1), which provides for reasonable fees to a defendant prevailing on an anti-SLAPP motion.  The trial court awarded $11,000 in attorney fees to the lawyer defendant, and $5,600 to the translator defendant.

## II.  DISCUSSION

### A.  Anti-SLAPP Rulings

Firsov contends the trial court was wrong to strike the cause of action on anti-SLAPP grounds because the purportedly false declaration by the translator is not protected by the anti-SLAPP statute.  (See Code of Civ. Proc. § 425.16, subd. (b)(1) [defining protected activity as any act in furtherance of the right of petition or free speech].)  On appeal, a challenged order is presumed correct. (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)  Error must be affirmatively shown, which means the appellant has a duty to provide an adequate record to the reviewing court to establish error.  (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.*

2

(2012) 203 Cal.App.4th 336, 348.) If something important is missing from the record, the appellant must augment or correct it. (See Cal. Rules of Court, Rule 8.155.) When the record is inadequate to permit appellate review, the reviewing court must resolve the issue against the appellant. (*Gee v. American Realty & Construction, Inc.*, at p. 1416.)

The record does not contain Firsov's complaint, nor any of the moving or opposition papers for the anti-SLAPP motion. Without those documents, we cannot review the correctness of the trial court's ruling on the motion. As we must presume the ruling is correct, no error has been shown. (We note, however, that even with an adequate record, the argument that allegedly false statements made in connection with litigation are not protected activity would most likely not succeed. See *Laker v. Board of Trustees of California State University* (2019) 32 Cal.App.5th 745, 764 [allegedly false statements made in connection with official proceeding constitute protected activity].)

## B. Attorney Fees Awards to Prevailing Defendants

Firsov contends the trial court was not authorized to award attorney fees to the defendants who prevailed on their anti-SLAPP motions. He argues alternatively that the fee awards were too high.

Subject to narrow exceptions not applicable here, a defendant who prevails on an anti-SLAPP motion "shall be entitled to recover [his or her] attorney's fees and costs." (Code Civ. Proc. § 425.16, subd. (c)(1).) The language of the statute is mandatory; a trial court generally must award fees to a defendant who achieves dismissal of a cause of action under the anti-SLAPP statute. (*Area 51 Productions, Inc. v. City of Alameda* (2018) 20 Cal.App.5th 581, 605.) A trial court has broad discretion to determine the amount of fees based on the reasonable market value of the attorney's services without regard to the amount of fees actually paid, if any). (*Pasternack v. McCullough* (2021) 65 Cal.App.5th 1050, 1055.) Because the trial court is in the best position to determine

3

the value of the services rendered in a particular action, we review the amount awarded for abuse of discretion. (*Ibid.*)

As the moving defendants achieved dismissal of a cause of action, their anti-SLAPP motions were successful and the trial court was correct to deem them prevailing parties. The defendant lawyer who represented Firsov's wife in the divorce was awarded $11,000 in fees, arrived at by fixing the reasonable number of hours at 22 and the hourly rate at $500.00. The defendant translator was awarded $5,600 in fees, arrived at by fixing the reasonable number of hours at 16 and the hourly rate at $350.00. Both amounts appear reasonable under the circumstances, particularly considering that the awards are significantly less than what the parties requested ($32,620 and $24,150, respectively). We see no abuse of discretion in the way the trial court calculated the amounts awarded.

Firsov asserts that the lawyer defendant is precluded from recovering attorney fees because she is a licensed attorney. But she did not represent herself. She was represented by retained counsel and the fees awarded were for his work on the anti-SLAPP motion.

Firsov additionally argues the fees are excessive because both defendants' moving papers were nearly identical, suggesting an economy of effort. But the trial court appears to have accounted for that by reducing the translator's fee award to $5,600 from the requested $24,150. We conclude the trial court properly awarded attorney fees to the defendants who prevailed on their anti-SLAPP motions and carefully exercised its discretion in calculating the fees.

### III.    DISPOSITION

The orders are affirmed. Costs are awarded to respondents by operation of California Rules of Court, rule 8.278, subdivision (a)(1).

_____

Grover, J.

**WE CONCUR:**

_____

Greenwood, P. J.

_____

Wilson. J

**H048500 -** *Firsov v. Babichev et al.*