Filed 3/5/24  Sandoval v. Masalta CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| GLORIA CASTRO SANDOVAL,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>FLOYD MASALTA,<br><br>　　　Defendant and Appellant. | A167739<br><br>(San Mateo County<br>Super. Ct. No. 17-FAM-02440) |

MEMORANDUM OPINION[1]

Defendant Floyd Masalta, appearing in propria persona, appeals from a trial court order granting the request of plaintiff Gloria Sandoval for a domestic violence restraining order (DVRO) against him under the Domestic Violence Prevention Act (Act) (Fam. Code, § 6200 et seq.).  Masalta claims the court abused its discretion in various respects by issuing a DVRO and erred by awarding attorney fees to Sandoval.[2]  But he has failed to carry his appellate burden of demonstrating reversible error because he has not provided a record sufficient to evaluate the court's rulings.  (See *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.)  Accordingly, we affirm.

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1(2).

[2] Sandoval did not file a respondent's brief.

1

In 2016, Sandoval met Masalta, who was married, at the church they both attended. They dated for about 18 months. Sandoval testified that from the beginning of their relationship, Masalta was controlling and abusive, and he forced her to have sex with him. He also threatened her, including by indicating he would humiliate her in front of other church members if she left him.

Sandoval testified that in September 2017, Masalta surprised her in a Costco parking lot and grabbed her cell phone when she tried to call for help. A bystander helped her retrieve the phone, and she called the police after she drove away and Masalta followed her. When the police arrived, Sandoval declined to have Masalta arrested. Later that month, however, she filed a DVRO request.

A temporary restraining order issued, and Masalta was served with it on October 30, 2017. Sandoval testified that later that night, she learned he had sent a letter to their pastor and members of their congregation containing information that made her "distraught." After this incident, Masalta sent her disturbing text messages and emails, and she worried that he was following her.

In June 2018, Sandoval reported to the police that Masalta had violated the temporary restraining order, initiating a criminal case against him in Santa Clara County. Meanwhile, the hearing on Sandoval's DVRO request was continued numerous times, including because of the criminal case and the COVID-19 pandemic, and did not occur until March 2023.

At the March 2023 hearing, Sandoval testified to the incidents set forth above. She stated she had moved out of the area because she did not feel safe. Although she had not had any contact with Masalta since 2018, she was still afraid of him and worried that he would continue to harass her. Several

2

exhibits were admitted into evidence, including the letter Masalta sent to church members; text messages and emails; and evidence of attorney fees and other expenses Sandoval incurred because of Masalta. Masalta, who was represented by counsel below, did not testify or offer any evidence.

The trial court granted Sandoval's request and issued a three-year DVRO against Masalta. The court found that he engaged in conduct constituting abuse under the Act and that his actions after the temporary restraining order, including sending the church letter, sufficed to give Sandoval "a reasonable apprehension of future abuse." The court also awarded her about $12,600 in expenses, including $10,500 in attorney fees.

Masalta elected to proceed by clerk's transcript in his notice designating the record on appeal, but he did not request any documents other than those required under California Rules of Court, rule 8.122(b). Thus, the record before us does not contain documents predating the March 2023 hearing, including the DVRO request itself. Nor did Masalta ask that any of the exhibits admitted at that hearing be transmitted to this court.

" 'It is the duty of an appellant to provide an adequate record to the [appellate] court establishing error. Failure to provide an adequate record on an issue requires that the issue be resolved against [the] appellant. [Citation.]' [Citation.] This principle stems from the well-established rule of appellate review that a judgment or order is presumed correct and the appellant has the burden of demonstrating prejudicial error." (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.) Lacking the DVRO request and all the evidence the trial court considered in issuing the DVRO and awarding attorney fees, we cannot evaluate Masalta's claims. Therefore, we must presume the court's order is correct. (See, e.g.,

*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296; *Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416.)

The trial court's March 8, 2023 order is affirmed.  Sandoval is entitled to her costs on appeal, if any.

_____

Humes, P.J.

WE CONCUR:


_____

Banke, J.



_____

Castro, J.*



*Judge of the Superior Court of the County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

_Sandoval v. Masalta_  A167739

5