Filed 3/6/25  L & L Capital Property Management v. Tran CA1/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| L & L CAPITAL PROPERTY MANAGMENT, LLC,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ERIC TRAN et al.,<br><br>        Defendants and Appellants. | A168387, A168796<br><br>(Alameda County Super. Ct. No. 22CV006928) |

**MEMORANDUM OPINION[1]**

Appellants Eric Tran and Jerry Tran appeal from the judgment entered against them in this forcible entry and detainer proceeding after a court trial (appeal No. A168387).[2]  They also purport to appeal from the denial of their motion for new trial (appeal No. A168796).[3]  We ordered the two appeals consolidated for briefing and disposition.

---

[1]  This appeal is appropriately resolved by memorandum opinion in accordance with California Standards of Judicial Administration, section 8.1.

[2]  A forcible entry and detainer action is a summary proceeding brought by a party claiming to be the rightful possessor of real property.  (See generally 28 Cal.Jur.3d (2025) Ejectment and Related Remedies, § 83.)

[3]  An order denying a motion for a new trial is not appealable; however, it is reviewable on appeal from the underlying judgment.  (*Walker v. Los*

1

The instant appeal is but a discrete chapter in a litigation saga between the parties that commenced in 2018 and was continuing to unfold in other lawsuits pending at the time judgment was entered in this case. The trial court issued a 15-page statement of decision, concluding the Trans had wrongfully seized possession of a commercial space that was being used for the cultivation of cannabis by entering the property, changing locks, and installing security guards to prevent respondents from entering the premises.

Respondents maintain the judgment can, and should be, affirmed on the ground the Trans have failed to provide a record on appeal demonstrating the trial court erred. We agree the Trans' appellate briefing is bereft of intelligible record cites, preventing this court from engaging in any meaningful review of their claims on appeal. (See *Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416 [" 'if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed,' " quoting *Mountain Lion Coalition v. Fish & Game Com.* (1989) 214 Cal.App.3d 1043, 1051, fn. 9].)

Some factual statements in the Trans' briefing are purportedly supported by citations to a "CT." But as respondents point out, no clerk's transcript was designated in this case. Rather, as we stated in our order filed on September 23, 2024 (largely denying respondents' request for additional time to file their brief ostensibly to allow *the Trans* time to put an adequate record before us), the Trans designated as the record on appeal an appendix under California Rules of Court, rule 8.124 and a reporter's transcript. They filed no appendix and a partial reporter's transcript. In their closing brief,

*Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 19; *Audish v. Macias* (2024) 102 Cal.App.5th 740, 746, fn. 2.)

the Trans assert their appeal is based on the "Certified Transcript." What the Trans mean by that is wholly unexplained. In an attempt to determine if the Trans might mean the partial reporter's transcript that was certified as the record on appeal by the superior court clerk (and which should be cited to as the RT), we compared several statements in the first and second paragraphs of page 6 of their opening brief to the given CT cites, which are "CT 234" and "CT 238." Pages 234 and 238 of the reporter's transcript (which are in volume two of the transcript) do not, however, support the statements made.

Furthermore, many of the factual statements in their briefing are unsupported by *any* citation, let alone a citation to a nonexistent clerk's transcript. For example, there is not a single record citation on page 7, the bottom half of page 8, in two of the three paragraphs of page 9, or on the entirety of page 10 of the "Statement of the Facts" in the Trans' opening brief. Many factual assertions in other sections of their briefing are also unsupported by any record citation. And other paragraphs, despite being numerous sentences in length, have only a single purported record citation at the end of the paragraph. Rule 8.204(a)(1)(C) of the California Rules of Court requires all appellate briefs to support any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears. " ' "[I]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived. [Citation.]" ' [Citation.] This rule applies to matters referenced at any point in the brief, not just in the statement of facts." (*Conservatorship of Kevin A.* (2015) 240 Cal.App.4th 1241, 1253.)

In short, " ' "[t]he appellate court is not required to search the record on its own seeking error." [Citation.] Thus, "[i]f a party fails to support an

3

argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived." ' " (*Shenouda v. Veterinary Medical Bd.* (2018) 27 Cal.App.5th 500, 514, quoting *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.)  The instant appeal falls squarely within this maxim—we are not going to comb the partial reporter's transcript before us to determine if there is any basis for the Trans' challenge to the judgment.

We further observe that other shortcomings in the Trans' challenge to the judgment are apparent from the face of their briefing.  For example, they state in their opening brief that "[b]ecause the facts are not in dispute, this case presents questions of law on appeal."  This is manifestly not the case, as the trial court's lengthy statement of decision reflects.  The court made 31 separate factual findings, a considerable number of which are lengthy and detailed.  Thus, it is clear the parties *hotly* disputed the operative facts.  Yet, the Trans assert, for example, "[i]t is undisputed that [they] were master tenants of the Premises."  But what the trial court determined, based on its extensive findings, is that the Trans "unlawfully entered the Premises under the *false representation* of being master leaseholders."[4]  (Italics added.)

In short, the Trans have submitted briefs that by all accounts are not faithful to the record, disregard the proper standard of review, and are lacking in any reasoned analysis of the evidence.  (See *Symons Emergency Specialties v. City of Riverside* (2024) 99 Cal.App.5th 583, 597 [" 'When an appellant fails to apply the appropriate standard of review, the argument

---

[4] The court similarly determined the Trans had previously obtained a default judgment and writ of possession by "misrepresent[ing] to police officers that such documents entitled them to immediate possession of the premises following [a] police raid.  In reliance upon [the Trans'] abuse of the court system and misrepresentations, drug task force officers permitted [the Trans] to assume unlawful possession of the premises after the raid."

lacks legal force,' and the appellant 'fails to show error in the judgment.' " Quoting *People v. Foss* (2007) 155 Cal.App.4th 113, 126.]; *Verrazono v. Gehl Co.* (2020) 50 Cal.App.5th 636, 652 [failure to set forth all material evidence forfeits any substantial evidence claim].)

Given the manifest deficiencies in their briefing, the Trans have not carried their burden on appeal of demonstrating the trial court's judgment is unsupported factually or legally.  (See *Abdulkadhim v. Wu* (2020) 53 Cal.App.5th 298, 301 [" ' "As with an appeal from any judgment, it is the appellant's responsibility to affirmatively demonstrate error. . . ." ' " Quoting *Claudio v. Regents of University of California* (2005) 134 Cal.App.4th 224, 230.]; *Grappo v. McMills* (2017) 11 Cal.App.5th 996, 1006 [given that judgments and orders of lower courts are presumed correct on appeal, and all intendments and presumptions are indulged in favor of their correctness, the burden is on the appellant to demonstrate both error and prejudice arising from such error].)

## DISPOSITION

The judgment is affirmed.  Respondent is entitled to their costs on appeal.

_____

Banke, J.

We concur:

_____

Humes, P. J.

_____

Smiley, J.

A168387/A168796, L&L Capital Property Man. LLC v. Tran et al

6