Filed 6/10/22  Waterfall Investment Group v. Pivotal Capital Group II CA6
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| WATERFALL INVESTMENT GROUP, LLC, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> PIVOTAL CAPITAL GROUP II, LLC, <br><br> Defendant and Respondent. | H048328, H048928 <br> (Santa Clara County <br> Super. Ct. No. 19CV348498) |

**MEMORANDUM OPINION**[1]

Plaintiff Waterfall Investment Group, LLC (Waterfall) appeals from (1) the trial court's order sustaining without leave to amend the demurrer by defendant Pivotal Capital Group II, LLC (Pivotal) to Waterfall's second amended complaint (H048328) and (2) the ensuing order granting Pivotal's motion for attorney fees and nonstatutory costs as the prevailing party (H048928).[2]  Waterfall has not provided an adequate record for review and therefore has not demonstrated error.  Accordingly, we affirm.

---

[1] We resolve this case by memorandum opinion under California Standards of Judicial Administration, section 8.1.  (See also, *People v. Garcia* (2002) 97 Cal.App.4th 847, 852-855.)

[2] On our own motion, we ordered Waterfall's two appeals to be considered together for oral argument and disposition.

An appellant has the burden of providing an adequate record. (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.) " '[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed.' " (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416 (*Gee*); *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187 (*Foust*).) This is so because a judgment or order of the trial court is presumed correct and " 'error must be affirmatively shown.' " (*Gee*, *supra*, 99 Cal.App.4th at p. 1416; *Foust*, *supra*, 198 Cal.App.4th at p. 187.)

When reviewing a demurrer, "we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory." (*T.H. v. Novartis Pharmaceuticals Corp.* (2017) 4 Cal.5th 145, 162.)

Waterfall elected to prepare an appellant's appendix and to proceed without a transcript of the oral proceedings. But the appendix it prepared in its appeal from the judgment consists of only two documents: (1) an unsigned proposed order on the demurrer to Waterfall's first amended complaint; and (2) the order sustaining Pivotal's demurrer to Waterfall's second amended complaint. The appendix Waterfall prepared in its appeal from the order awarding prevailing party fees adds only the challenged order. Without the operative second amended complaint, we are unable to exercise our independent judgment to evaluate its sufficiency.

Waterfall argues in its reply brief that the second amended complaint is unnecessary to our review, because we may instead rely on a different trial judge's earlier decision overruling in part Pivotal's demurrer to the first amended complaint. This argument, however, is likewise unsupported, either by the record on appeal or by any cognizable authority. As a matter of record, Waterfall's omission from the record of *any* iteration of the complaint prevents us from ascertaining whether the causes of action that survived Pivotal's demurrer to the first amended complaint remained unchanged in the second amended complaint. As a matter of law, Waterfall's argument presumes without

citation to authority that we are required to defer to the trial court's ruling on the demurrer to the first amended complaint. "When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived." (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852.) Waterfall's presumption is also incorrect: " '[A] party is within its rights to successively demur to a cause of action in an amended pleading notwithstanding a prior unsuccessful demurrer to that same cause of action.' " (*Carlton v. Dr. Pepper Snapple Group, Inc.* (2014) 228 Cal.App.4th 1200, 1211, quoting *Berg & Berg Enterprises, LLC v. Boyle* (2009) 178 Cal.App.4th 1020, 1036.)

As to the award of fees and costs, Waterfall identifies no particular error in the trial court's order. It contends only that the order is premature given the appeal from the judgment in the interest of judicial economy.

On the bare record provided, no error has been affirmatively shown.

The trial court's orders are affirmed. Pivotal shall recover its costs on appeal.

3

_____
LIE, J.

WE CONCUR:


_____
GREENWOOD, P.J.


_____
GROVER, J.


*Waterfall Investment Group, LLC v. Pivotal Capital Group II, LLC*
H048328
H048928